UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BIRMINGHAM ASSOCIATES LTD,           :   Case No. 07 Civ. 11332 (SAS)
                                     :
                                     :   ECF Case
              Plaintiff,             :
                                     :
        v.                           :
                                     :
ABBOTT LABORATORIES,                 :
                                     :
              Defendant.             :
------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF PROPOSED-INTERVENOR ABBOTT LABORATORIES VASCULAR ENTERPRISES LIMITED'S MOTION TO INTERVENE AND TO COMPEL ARBITRATION

PATTERSON BELKNAP WEBB & TYLER LLP
William F. Cavanaugh, Jr. (WC-3474)
Nicolas Commandeur (NC-4280)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Proposed-Intervenor Abbott Laboratories Vascular Enterprises Limited*

# TABLE OF CONTENTS

**PAGE**

BACKGROUND ..........................................................................................................................1

ARGUMENT ..............................................................................................................................1

I.   ALVE should be permitted to intervene in this action. .....................................................1

    A.   ALVE Should Be Permitted To Intervene As of Right. ..........................................1

    B.   Permissive Intervention Is Also Appropriate...........................................................3

II.  The Dispute Between Alve And Birmingham Regarding The Zomaxx
Stent Is Subject To Arbitration. ..........................................................................................4

III. The Dispute Between Abbott And Birmingham Should Be Arbitrated. ............................7

IV.  Alternatively, This Litigation Should Be Stayed Pending The Arbitration
Between Alve And Birmingham. ........................................................................................8

CONCLUSION ...........................................................................................................................9

## **TABLE OF AUTHORITIES**

**PAGE**

### **FEDERAL CASES**

Acquaire v. Canada Dry Bottling,
  906 F. Supp. 819 (E.D.N.Y. 1995) ..................................................................8

CBS Inc. v. Snyder (In re CBS),
  136 F.R.D. 364 (S.D.N.Y. 1991) ................................................................2, 3

Conservation Law Found. v. Mosbacher,
  966 F.2d 39 (1st Cir. 1992) .............................................................................2

Diversified Group, Inc. v. Daugerdas,
  217 F.R.D. 152 (S.D.N.Y. 2003) ....................................................................4

Gen. Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.,
  891 F. Supp. 946 (S.D.N.Y. 1995) .................................................................8

Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.,
  246 F.3d 219 (2d Cir. 2001) .......................................................................5, 6

Herdman v. Town of Angelica,
  163 F.R.D. 180 (W.D.N.Y. 1995) ..................................................................2

JLM Indus., Inc. v. Stolt-Nielsen SA,
  387 F.3d 163 (2d Cir. 2004) ...........................................................................6

Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.,
  252 F.3d 218 (2d Cir. 2001) ...........................................................................6

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
  460 U.S. 1 (1983) ............................................................................................6

Oldroyd v. Elmira Sav. Bank, FSB,
  134 F.3d 72 (2d Cir. 1998) .........................................................................6, 7

Orange Chicken, L.L.C. v. Nambe Mills, Inc.,
  No. 00 Civ. 4730(AGS), 2000 WL 1858556 (S.D.N.Y. Dec. 19, 2000) ........8

Paramedics Electromedicina Comercial, Ltda. V. GE med. Sys.,
  369 F.3d 645 (2d Cir. 2004) ...........................................................................6

Trbovich v. United Mine Workers,
  404 U.S. 528 (1972) ........................................................................................2

## TABLE OF AUTHORITIES
(continued)

**PAGE**

Vera v. Saks & Co.,
    335 F.3d 109 (2d Cir. 2003) ................................................................................. 6

## FEDERAL STATUTES

Fed. R. Civ. P. 24 ................................................................................................ 1, 2, 3

1428106v.3

As explained in Defendant Abbott Laboratories' ("Abbott's") Memorandum of Law in Support of Its Motion to Compel Arbitration and to Dismiss or Stay This Litigation ("Abbott's Brief"), the claims asserted by Plaintiff Birmingham Associates, Ltd. ("Birmingham") in this litigation are governed by a contract between Birmingham and proposed-intervenor Abbott Laboratories Vascular Enterprises ("ALVE") that compels arbitration. Pursuant to the terms of that contract, ALVE has demanded that Birmingham arbitrate the claims it has asserted in this litigation against ALVE's parent company Abbott. Birmingham has refused, despite the fact that there is already a pending arbitration between ALVE and Birmingham on a related dispute. ALVE therefore moves to intervene in this action for the purpose of obtaining an order compelling Birmingham to arbitrate this dispute as well.

## BACKGROUND

The facts relevant to this motion are fully set forth in Abbott's Brief and in the accompanying declarations of Steven T. Kipperman, William F. Cavanaugh, Jr., and Michelle Bonke, all of which are incorporated herein by reference. Capitalized terms used in this brief have the same meanings ascribed to them in Abbott's Brief.

## ARGUMENT

### I.   ALVE SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION.

The Federal Rules of Civil Procedure provide for intervention that is both as of right and at the Court's discretion. See Fed. R. Civ. P. 24. ALVE meets the standards for both types of intervention.

#### A.   ALVE Should Be Permitted To Intervene As of Right.

Federal Rule of Civil Procedure 24(a) provides that intervention should be granted as of right where an applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical

1428106v.3

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To satisfy this standard, a proposed intervenor need only show that its interests may not be adequately represented, and the burden of making that showing "should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972). Generally, the party opposing intervention (in this case, Birmingham) has the burden of persuasion to show adequacy of representation. See CBS Inc. v. Snyder (In re CBS), 136 F.R.D. 364, 368 (S.D.N.Y. 1991). And although there is no clear consensus as to what constitutes an "interest" under Rule 24(a)(2), courts in the Second Circuit have embraced a "flexible" approach in determining whether a sufficient interest exists. Herdman v. Town of Angelica, 163 F.R.D. 180, 187 (W.D.N.Y. 1995); see also Conservation Law Found. v. Mosbacher, 966 F.2d 39, 41-42 (1st Cir. 1992) ("In general, the Courts of Appeals for the Second, Sixth, Tenth, and D.C. Circuits have adopted a liberal approach to intervention. They view the interest test as a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.") That flexible approach is, of course, guided by the plain language of the Rule, which indicates that the "interest" must pertain to "the property or transaction" that comprises "the subject of the action." Fed. R. Civ. P. 24(a).

ALVE meets these requirements for intervention as of right. First, it has an interest in ensuring that Birmingham's claims in the litigation that Abbott improperly terminated the ZoMaxx Stent development program (the "ZoMaxx Dispute") be arbitrated. Because Abbott is an "Affiliate" of ALVE under the Funding Agreement, the ZoMaxx Dispute unquestionably implicates ALVE's obligations under the Funding Agreement. Thus, ALVE wishes to preserve its rights under the Funding Agreement to have any dispute regarding its obligations under the agreement resolved through arbitration. Courts have recognized that such an interest is sufficient

2

1428106v.3

for purposes of Rule 24(a) intervention. See, e.g., In re CBS, 136 F.R.D. at 368 (allowing union to intervene as of right in order to protect its interest in "the interpretation and/or enforceability of the arbitration provisions contained in the [collective bargaining agreement]").

Second, ALVE's interests may not be adequately represented by Abbott in this litigation. Abbott's and ALVE's interests are, of course, aligned in seeking arbitration of the ZoMaxx Dispute. Like Abbott, ALVE seeks a determination, through arbitration, that neither ALVE, nor any of its affiliates, including Abbott, violated any duty to Birmingham or the other Investors to the Funding Agreement based upon the termination of the ZoMaxx Stent development program. Moreover, ALVE joins in Abbott's argument that Abbott is entitled to compel arbitration as an affiliate of ALVE and based upon an estoppel theory. (Abbott Br. at 7-11.) Nevertheless, if this Court denies Abbott's motion based upon the fact that it was not a signatory to the Funding Agreement, then ALVE's interest in compelling arbitration, as a signatory to the agreement, will not be adequately represented.[1] As explained below, ALVE, as the signatory to the Funding Agreement, is clearly entitled to demand arbitration of the ZoMaxx Dispute.

### B. Permissive Intervention Is Also Appropriate.

In addition to intervention as of right, Fed. R. Civ. P. 24(b) provides that "anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common." The Rule further provides that "[i]n exercising its discretion [to allow intervention] the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Under these standards, ALVE should be permitted to intervene.

---

[1] Obviously, if this Court grants Abbott's motion to compel arbitration of the ZoMaxx Dispute, then ALVE's motion to intervene is academic.

3

ALVE's claim that the ZoMaxx Dispute should be arbitrated has more than just a "question of law or fact in common" with the dispute between Abbott and Birmingham – it is, in fact, the same dispute, involving different, but related, parties. Just as Abbott has moved to compel arbitration of the ZoMaxx Dispute between itself and Birmingham, so too does ALVE seek to compel arbitration of the same dispute between ALVE and Birmingham. Accordingly, allowing ALVE to intervene will "significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal question presented." Diversified Group, Inc. v. Daugerdas, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (Scheindlin, J.) (quoting H.L. Hayden Co. v. Siemens Medical Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986)).

Moreover, ALVE's intervention in this case will not result in any delay of the adjudication of the dispute between Abbott and Birmingham. ALVE seeks intervention for the limited purpose of moving to compel arbitration. It is prepared to brief that issue on the same schedule already set by the Court for Abbott's motion to compel arbitration. Finally, because the issues raised by ALVE substantially – if not completely – overlap with those implicated in Abbott's motion, the addition of ALVE will not compel this Court to consider many – if any – issues not otherwise before it.

## II. THE DISPUTE BETWEEN ALVE AND BIRMINGHAM REGARDING THE ZOMAXX STENT IS SUBJECT TO ARBITRATION.

Birmingham has attempted to couch this litigation as one against Abbott under the Keep Well Agreement, having nothing to do with ALVE or the Funding Agreement. But because of the relationship between Abbott and ALVE in the development of the ZoMaxx Stent pursuant to the Funding Agreement, Birmingham's claims against Abbott in this litigation put ALVE at risk for similar claims. ALVE therefore provided notice of a dispute under the ADR

4

provisions of the Funding Agreement, seeking a determination that neither ALVE nor any of its Affiliates are liable to Birmingham for any claim relating to the decision to terminate the ZoMaxx Stent development program. The ZoMaxx Dispute is clearly arbitrable under the Funding Agreement. Yet Birmingham has refused to arbitrate the ZoMaxx Dispute.

Despite refusing to agree to ALVE's arbitration demand, Birmingham has already initiated its *own* ADR proceeding against ALVE under the Funding Agreement. Birmingham has provided notice to ALVE of its desire to resolve a dispute pursuant to the ADR provisions of the Funding Agreement regarding whether the Xience stent constitutes the Drug Eluting Stent – 2nd Generation under the Funding Agreement (the "Xience Dispute"). While ALVE disputes that Birmingham is entitled to any payments relating to the Xience stent, it agrees that the Xience Dispute must be resolved by arbitration.

Birmingham has no basis to unilaterally refuse to arbitrate the ZoMaxx Dispute with ALVE. The Funding Agreement's ADR procedures provide that once one party "provide[s] written notice to the other Party of the issues to be resolved by ADR," the other party "may, by written notice to the Party initiating the ADR, add additional issues to be resolved within the same ADR." (Kipperman Decl., Ex. A, Ex. 15.6, ¶ 1.) The Funding Agreement does not provide either party with unilateral authority to refuse to arbitrate such "additional issues." ALVE has sent a notice adding to the arbitration of the Xience Dispute the related issue of the alleged wrongful termination of the ZoMaxx Stent.

The determination of whether a dispute is arbitrable under the Federal Arbitration Act ("FAA") comprises two questions: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question ... and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." Hartford Accident & Indem. Co.

5

1428106v.3

v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001). Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). This principle is consistent with the fact that the FAA is an expression of "a strong federal policy favoring arbitration as an alternative means of dispute resolution." Hartford, 246 F.3d at 226.

Courts are especially deferential to arbitration agreements where, as here, they are broadly written. The arbitration clause in the Funding Agreement applies to "any such dispute" that "may arise which relate[s] to the Parties' rights and obligations under this Agreement." (Kipperman Decl., Ex. A, ¶ 15.6.) This is a quintessentially broad arbitration clause and is consistent with other clauses that courts have characterized as "broad" for purposes of the FAA. See, e.g., Paramedics Electromedicina Comercial, Ltda. V. GE med. Sys., 369 F.3d 645, 649 (2d Cir. 2004) ("any controversy, claim or dispute between the Parties arising out of or relating in any way to this Agreement"); Vera v. Saks & Co., 335 F.3d 109, 117 (2d Cir. 2003) ("[a]ny dispute, claim, grievance or difference arising out of or relating to the Agreement"); Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc., 252 F.3d 218, 225 (2d Cir. 2001) ("[a]ny dispute arising from the making, performance or termination of this Charter Party") (internal quotations omitted); Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998) ("[a]ny dispute, controversy or claim arising under or in connection with" agreement).

Broad arbitration clauses are "presumptively applicable to disputes involving matters going beyond the 'interpret[ation] or enforce[ment of] particular provisions' of the contract that contains the arbitration clause." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d

6

163, 172 (2d Cir. 2004) (quoting Oldroyd, 134 F.3d at 77). Put differently, "[i]f the allegations underlying the claims touch matters covered by the parties' contracts, then those claims must be arbitrated, whatever the legal labels attached to them." Id. (citation omitted).

Here, there can be no question that both Birmingham and ALVE agreed to arbitrate disputes relating to the Funding Agreement. Both parties signed the agreement, which contains an unambiguous and broad arbitration clause. Nor can there be any question that the ZoMaxx Dispute "touch[es] matters covered by the parties' contracts." A primary purpose of the Funding Agreement was to develop the ZoMaxx Stent. Whether ALVE and its affiliates, including Abbott, used commercially reasonable efforts to develop the ZoMaxx Stent is a question that depends upon the Funding Agreement. ALVE is entitled to a resolution of this dispute with Birmingham pursuant to the ADR procedures to which the parties agreed.

### III. THE DISPUTE BETWEEN ABBOTT AND BIRMINGHAM SHOULD BE ARBITRATED.

ALVE joins in Abbott's motion to compel arbitration of Birmingham's dispute with Abbott and to dismiss or stay this litigation. As explained in Abbott's Brief, Birmingham should be estopped from avoiding arbitration with Abbott of the ZoMaxx Dispute given the close relationship between ALVE and Abbott, and the significance of the Funding Agreement to a resolution of Birmingham's claims. (Abbott Br. at 7-11.) In addition, assuming this Court grants ALVE's motion to compel arbitration of its ZoMaxx Dispute with Birmingham, it would be most efficient to have Birmingham's dispute with Abbott resolved in the same proceeding. Given that Abbott consents to arbitration, and given that Birmingham signed the Funding Agreement that requires resolution of "any dispute" relating to that agreement via arbitration, neither Abbott nor Birmingham will be prejudiced by arbitrating the ZoMaxx Dispute.

Compelling Abbott and Birmingham to arbitrate their dispute will also preserve judicial resources and avoid the possibility of inconsistent outcomes. If both actions are permitted to proceed separately, but simultaneously, it is conceivable that the arbitrator considering claims between ALVE and Birmingham could determine that ALVE and its affiliate Abbott used commercially reasonable efforts to bring ZoMaxx to market, and this Court, considering claims between Abbott and Birmingham, could reach the opposite conclusion. It is precisely because of the risk of such inconsistent verdicts that courts generally defer to pending arbitrations that "will likely provide significant insight into, if not actually resolve, the claims asserted in this action." Orange Chicken, L.L.C. v. Nambe Mills, Inc., No. 00 Civ. 4730(AGS), 2000 WL 1858556, at *9 (S.D.N.Y. Dec. 19, 2000).

## IV. ALTERNATIVELY, THIS LITIGATION SHOULD BE STAYED PENDING THE ARBITRATION BETWEEN ALVE AND BIRMINGHAM.

In the event that this Court denies Abbott's motion to compel arbitration of the ZoMaxx Dispute, ALVE joins in Abbott's alternative request to stay this litigation pending resolution of the arbitration between ALVE and Birmingham. As explained above, assuming this Court grants ALVE's motion to compel arbitration of the ZoMaxx Dispute, but denies Abbott's motion to compel arbitration, this litigation would implicate the same issues as the arbitration between ALVE and Birmingham and might lead to inconsistent results. Staying this litigation until after the arbitration of the ZoMaxx Dispute between ALVE and Birmingham is resolved would avoid the possibility of such contradictory outcomes. See Acquaire v. Canada Dry Bottling, 906 F. Supp. 819, 838 (E.D.N.Y. 1995); Gen. Textile Printing & Processing Corp. v. Expromtorg Int'l Corp., 891 F. Supp. 946, 954-55 (S.D.N.Y. 1995).

8

## CONCLUSION

For the foregoing reasons, and for all of the reasons set forth in Abbott's Brief, ALVE respectfully requests that this Court grant ALVE's motion to intervene and grant its motion to compel arbitration.

Dated: January 29, 2008
      New York, New York

                               PATTERSON BELKNAP WEBB & TYLER LLP

                               By: _/s/ William F. Cavanaugh, Jr._
                                  William F. Cavanaugh, Jr. (WC-3474)
                                  Nicolas Commandeur (NC-4280)

                               1133 Avenue of the Americas
                               New York, New York 10036
                               (212) 336-2000

                               *Attorneys for Proposed-Intervenor Abbott*
                               *Laboratories Vascular Enterprises Limited*