UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIRMINGHAM ASSOCIATES LTD,

                Plaintiff,

— against —

ABBOTT LABORATORIES,

                Defendant.

07 Civ. 11332 (SAS)

**BIRMINGHAM'S MEMORANDUM OF LAW IN
OPPOSITION TO ALVE'S MOTION TO INTERVENE
AND COMPEL ALTERNATIVE DISPUTE RESOLUTION,
AND IN SUPPORT OF BIRMINGHAM'S
CROSS-MOTION FOR AN ORDER ENJOINING ADR**

Daniel C. Malone
George K. Foster
Ross L. Hirsch
Eric C. Kirsch
DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

*Attorneys for Plaintiff Birmingham
   Associates, Ltd.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ........................................................................................................ 6

I.    ALVE SHOULD NOT BE PERMITTED TO INTERVENE IN THIS ACTION ............ 6

    A.    ALVE Does Not Meet the Standard for Intervention as of Right.................... 6
    B.    ALVE Does Not Meet the Standard for Permissive Intervention................... 7
    C.    9 U.S.C. § 4 Nevertheless Provides a Procedural Mechanism for a Motion to Compel, and So the Court Should Consider the Motion — and Then Deny It ............................ 8

II.   ALVE'S MOTION TO COMPEL ADR SHOULD BE DENIED ..................................... 8

    A.    There Is No Basis for ALVE to Compel Birmingham to "ADR" Birmingham's Claim Against Abbott.................................................................... 9
        1.    ALVE Lacks Standing to Bring a Motion to Compel ADR on Behalf of a Separate Company ................................................................... 9
        2.    Birmingham's Claim Against Abbott Is Not Subject to the ADR Provision of the Funding Agreement.......................................................... 10

    B.    ALVE Does Not Have any Bona Fide Dispute of Its Own Against Birmingham Relating to the Matters at Issue in Birmingham's Complaint...................................... 13
        1.    There Is No "Case or Controversy" Warranting Action From This Court on ALVE's Behalf .................................................................... 4
        2.    The Parties Agreed That Only "Bona Fide" Disputes Would Be Referrable to ADR ................................................................................. 17

III.  ALVE SHOULD BE ENJOINED FROM PURSUING DETERMINATIONS IN ADR RELATING TO ABBOTT'S TERMINATION OF THE ZOMAXX STENT ................ 19

CONCLUSION........................................................................................................ 1

## TABLE OF AUTHORITIES

### CASES

*Acme Supply Co., Ltd. v. City of N.Y.*, 39 A.D.3d 331 (1st Dep't 2007) ........................18

*Alexander & Alexander of N.Y. v. Fritzen*, 114 A.D.2d 814 (1st Dep't 1985) ..................9

*Am. Tissue, Inc. v. Arthur Anderson, L.L.P.*, 275 F. Supp. 2d 398 (S.D.N.Y. 2003) ....................9

*A/S Granger Rolf v. Zeeland Transport, Ltd.*, 191 F. Supp. 359 (S.D.N.Y. 1961) ......................17

*AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643 (1986) ..........................19

*Baker v. Latham Sparrowbush Assocs.*, 129 A.D.2d 667 (2d Dep't 1987) ..........................9

*Brantley v. Republic Mortgage Ins. Co.*, 424 F.3d 392 (4th Cir. 2005) ........................12

*Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377 (S.D.N.Y. 2002) ........................20

*CBS, Inc. v. Snyder*, 136 F.R.D. 364 (S.D.N.Y. 1991) ................................................6, 7

*E.I. Dupont De Nemours & Co. v. Invista, B.V.*, 473 F.3d 44 (2d Cir. 2006) ................15

*First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938 (1995) ....................................17, 18

*Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219
(2d Cir. 2001) ........................................................................................................18

*In re Application of Herman Miller, Inc.*, No. 97 Civ. 7878 (SAS), 1998 WL 193213
(S.D.N.Y. Apr. 21, 1998) ........................................................................................20

*JLM Industrial, Inc. v. Stolt-Nielsen S.A.*, 387 F.3d 163 (2d Cir. 2004) ........................12

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218
(2d Cir. 2001) ........................................................................................................12

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ........................................15

*Minerals Techs., Inc. v. Pfizer, Inc.*, 309 A.D.2d 525 (1st Dep't 2003) ........................10

*N. Am. Foreign Trading Corp. v. Mitsui Sumitomo Ins. USA, Inc.*, 413 F. Supp. 2d 295
(S.D.N.Y. 2006) ........................................................................................................18

*Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72 (2d Cir. 1998) ....................................12

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*,
369 F.3d 645 (2d Cir. 2004)....................................................................................12

*Port Wash. Teachers' Assoc. v. Bd. of Educ.*, 478 F.3d 494 (2d Cir. 2007) ................15

*Raytheon Co. v. Ashborn Agencies, Ltd.*, 372 F.3d 451 (D.C. Cir. 2004) ..............15, 16

*Rogoscirc v. Circus Show Corp.*, Nos. 92 Civ. 8498; 93 Civ. 1304 (JSM),
1993 WL 277333, at *10 (S.D.N.Y. July 16, 1993) .........................................8

*SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P.*, 49 F. Supp.
331 (S.D.N.Y. 1999) ...............................................................................20, 21

*Societe Generale de Surveillance, S.A. v. European Mgmt. & Sys. Co.*, 643 F.2d 863
(1st Cir. 1981) ......................................................................................20

*Society of the Plastics Indus., Inc. v. County of Suffolk*, 77 N.Y.2d 761 (1991) ............9

*Stechler v. Sidley, Austin Brown & Wood L.L.P.*, 382 F. Supp. 2d 580 (S.D.N.Y. 2005).......12, 18

*Tellium, Inc. v. Corning Inc.*, No. 03 Civ. 8487(NRB), 2004 WL. 307238 (S.D.N.Y.
Feb. 13, 2004) ......................................................................................21

*Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003)........................................12

*Waterspring, S.A. v. Transmarketing Houston, Inc.*, 717 F. Supp. 181 (S.D.N.Y. 1989) .............17

## STATUTES

9 U.S.C. § 4.............................................................................................1, 8, 17

Fed. R. Civ. P. 24 ....................................................................................2, 5

## MISCELLANEOUS

*Black's Law Dictionary* (8th ed. 2004) ...........................................................19

Plaintiff Birmingham Associates, Ltd. ("Birmingham") respectfully submits this Memorandum of Law, the Affirmation of George K. Foster and the exhibits thereto ("Foster Aff."), and the Declaration of Charles K. MacDonald and the exhibits thereto ("MacDonald Decl.") in opposition to the motion of proposed intervenor Abbott Laboratories Vascular Enterprises Limited ("ALVE") to intervene and compel alternative dispute resolution ("ADR"), and in support of Birmingham's cross-motion for an order enjoining ADR.

## PRELIMINARY STATEMENT

This action concerns a single claim that Birmingham has asserted against Abbott Laboratories ("Abbott"), ALVE's indirect parent company, the disposition of which will not have any impact on ALVE. Specifically, Birmingham alleges that Abbott breached the Keep Well Agreement when Abbott terminated the program to develop the ZoMaxx Stent.[1] Birmingham does not assert any claim against ALVE based on Abbott's decision to terminate ZoMaxx, and does not seek relief that would require any action from ALVE, or that would alter ALVE's obligations under any agreement. Birmingham simply seeks to collect damages *from Abbott* for its improper termination of the ZoMaxx program.

ALVE has nevertheless sought, improperly, to intervene in this action. ALVE contends that the claim against Abbott under the Keep Well Agreement is subject to an ADR provision (the "ADR Provision") in a separate agreement between ALVE and Birmingham, the Funding Agreement,[2] and seeks to defend that claim on Abbott's behalf. This effort is

---

[1]  Unless otherwise indicated, capitalized terms used herein have the meaning attributed to them in Birmingham's Complaint in this action. (Declaration of William F. Cavanaugh, Jr., dated January 28, 2008 ("Cavanaugh Decl."), Ex. A., included with Abbott's opening submission.)

[2]  (Declaration of Steven T. Kipperman, dated January 25, 2008 ("Kipperman Decl."), Ex. A.)

misguided for a number of reasons.

To begin with, ALVE fails to meet the standard for intervention under Federal Rule of Civil Procedure 24, because it has no interest in the subject matter of this action and does not seek to assert any claim or defense — let alone one with an issue common to those already before the Court. In addition, ALVE lacks standing to bring a motion to compel on behalf of a separate company, and the claim against Abbott under the Keep Well Agreement could not in any event be subject to ADR, because the Keep Well Agreement contains a provision that specifically secures to Birmingham a right to a judicial action for any breach of the same. Finally, to the extent ALVE purports to seek ADR on its own behalf, this effort fails because there is no bona fide dispute between Birmingham and ALVE that is properly subject to ADR.

For the foregoing reasons, ALVE's motion should be denied. In addition, ALVE should be enjoined from raising in ADR issues relating to Abbott's termination of the ZoMaxx Stent, because doing so would serve no legitimate purpose, while the assertion of such issues in an ADR proceeding would be prejudicial to Birmingham.

## STATEMENT OF FACTS

The background to the Keep Well Agreement and the filing of this action is summarized in Birmingham's Opposition to Abbott's Motion to Compel, filed concurrently herewith, and does not bear repeating here. Birmingham will, however, highlight below certain additional factual information that is pertinent to ALVE's motion.

### The Crabbed Nature of the ADR Proceeding Provided for in the ADR Provision

Although ALVE repeatedly refers in its motion to the dispute resolution mechanism under the ADR Provision as "arbitration," it is not referred to that way in the ADR

Provision itself, and it bears few similarities to conventional arbitration. Rather than adopting the rules of any arbitration institution, the ADR Provision sets forth a unique, *ad hoc* framework for resolving disputes, which it refers to as "ADR." (Funding Agreement, Ex. 15.6, § 4(c).)

The ADR Provision establishes an exceptionally abbreviated schedule for the proceeding. It calls for the appointment of the Neutral within 21 days of the service of a request for ADR, and mandates that the Neutral hold the hearing within 56 days after his or her selection, and that his or her ruling follow 14 days later. (*Id.* at §§ 2, 3, 7.)

Furthermore, the ADR Provision places strict limits on the parties' ability to present their cases. Each party may submit only a single 20 page brief, together with a list of witnesses, a copy of exhibits, and proposed rulings. (*Id.* at § 4(d).) Neither party is permitted to obtain discovery from the other, unless it is deemed by the Neutral "absolutely necessary to the presentation of its case." (*Id.* at §4(e).) And each party is allotted only 5 hours of hearing time to present its case — no matter how many issues are involved. (*Id.* at § 5(a).)

Together with these tight constraints on a party's ability to present its case, the ADR Provision places specific restrictions on the issues that may be injected into an ADR proceeding. Namely, it provides that only "*bona fide* disputes ... which relate to the Parties' rights and obligations *under this [Funding] Agreement*" may be referred to ADR. (Funding Agreement at § 15.6 (emphasis added)).

*ALVE's Announcement that It Intends to "ADR" Birmingham's Complaint*

On January 3, 2008, following the filing of Birmingham's Complaint against Abbott, counsel for ALVE sent Birmingham a letter in which it asserted that ALVE was giving notice "of a dispute regarding the issues raised in the Complaint that you filed in *Birmingham Associates Ltd. v. Abbot [sic] Laboratories*, 07 CV 11332(SAS) (SDNY) and of ALVE's intention to have the dispute resolved" by ADR. (Cavanaugh Decl., Ex. D., included with Abbott's opening submission.)

On January 4, 2008, counsel for Birmingham responded with a letter noting that it was not clear from ALVE's letter "what dispute, if any, ALVE believes exists under the Funding Agreement between ALVE and Birmingham," given that the Complaint did not include any claims against ALVE. (Cavanaugh Decl., Ex. E.) In addition, on the same day, Birmingham sent a separate letter in which it provided notice to ALVE, pursuant to the ADR Provision, of a different dispute — concerning whether or not royalties and other payments are due to Birmingham from ALVE in connection with the commercialization of a different medical device, the Xience Stent, under a different development program. (Cavanaugh Decl., Ex. F., included with Abbott's opening submission.)

Subsequently, on January 15, 2008, counsel for ALVE sent another letter that again expressed ALVE's desire to commence an ADR proceeding to resolve Birmingham's claim against Abbott, and to obtain a determination that "neither ALVE, nor any of its Affiliates, including Abbott, breached any duty to Birmingham Associates based upon the determination to discontinue its program to commercialize the ZoMaxx Stent." (Cavanaugh Decl., Ex. G, included with Abbott's opening submission.)

Birmingham's counsel responded by pointing out, once more, that Birmingham has not asserted any claim against *ALVE* that would require ALVE to obtain a determination for its own benefit, and noting that ALVE therefore did not seem to have a bona fide dispute with Birmingham that could be resolved by ADR. (Cavanaugh Decl. Ex. H, included with Abbott's opening submission.)

*ALVE's Effort to Force ADR, With or Without the Approval of the Court*

Following the above exchanges, on January 29, 2008, ALVE filed the instant motion before this Court. As part of that motion, ALVE signaled that it intended to have the issues raised in Birmingham's Complaint adjudicated in the same ADR proceeding in which the parties' dispute relating to the Xience Stent will be heard. (Memorandum of Law in Support of Proposed-Intervenor Abbott Laboratories Vascular Enterprises Limited's Motion to Intervene and to Compel Arbitration ("ALVE Brief") at 1.)

In light of that motion, Birmingham decided to postpone the initiation of an ADR proceeding relating to the Xience Stent, to give the Court time to rule on ALVE's motion. ALVE, however, served a "Request for ADR Proceeding" on February 11, 2008, in which it seeks determinations relating to both the ZoMaxx Stent and the Xience Stent. (Foster Aff., ¶ 8, Ex. F.) Among other things, ALVE seeks a determination that "neither [ALVE], nor any of its affiliates, including Abbott, violated any duty to Birmingham under the Funding Agreement with respect to ... the decision to no longer pursue the commercial development of the ZoMaxx Stent." (Id.) The consequence of this maneuver, in light of the abbreviated schedule for an ADR proceeding, is that the proceeding may well be over before the Court can rule on ALVE's motion — unless the Court enjoins ALVE from pursuing those issues in ADR.

# ARGUMENT

## I.   ALVE SHOULD NOT BE PERMITTED TO INTERVENE IN THIS ACTION

ALVE should not be permitted to intervene because it does not meet the requirements of Federal Rule of Civil Procedure 24.

### A.   ALVE Does Not Meet the Standard for Intervention as of Right

Rule 24(a) allows for intervention as of right only where the party seeking to intervene "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest." ALVE meets none of these criteria.

To begin with, ALVE has no "interest" within the meaning of Rule 24(a). The sole "interest" that ALVE claims to have is an interest in "ensuring that Birmingham's claims in the litigation that Abbott improperly terminated the ZoMaxx Stent development program ... be arbitrated." (ALVE Brief at 2.) Birmingham disputes that ALVE could ever have any interest in the arbitrability of claims asserted against Abbott, a separate company. Yet even if ALVE did, this would not be sufficient for purposes of Rule 24(a), because such an interest would not "relat[e] to the property or transaction that is the subject of the action." The transaction that is the subject of the action is Abbott's termination of the program to develop the ZoMaxx Stent — not some abstract question of arbitrability.[3]

---

[3]  ALVE's citation to *CBS, Inc. v. Snyder*, 136 F.R.D. 364 (S.D.N.Y. 1991), does not support ALVE's contention that its desire to "preserve its rights under the Funding Agreement" (ALVE Motion, pp. 3-4) is an "interest" that is properly the subject of a motion for intervention under Rule 24(a). In that case, the court found that the union that sought to intervene had a legally protectable interest in the interpretation of an arbitration clause in a collective bargaining

The simple truth is that ALVE has no interest in the substance of this action. Birmingham's Complaint does not assert any claim against ALVE, or otherwise call into question any of ALVE's conduct; Birmingham alleges only that *Abbott* violated *Abbott's* obligations under the Keep Well Agreement when *Abbott* terminated the ZoMaxx Stent. The outcome of that claim will not affect ALVE in the slightest.[4]

Moreover, even if ALVE's putative interest in the arbitrability of the claim against Abbott were a valid "interest" under Rule 24(a), ALVE would still have no basis to intervene, because that interest would be adequately represented by Abbott. As ALVE itself concedes, "Abbott's and ALVE's interests are, of course, aligned in seeking arbitration of the ZoMaxx Dispute." (ALVE Brief at 3.)

**B.    ALVE Does Not Meet the Standard for Permissive Intervention**

Neither does ALVE meet the standard for permissive intervention under Rule 24(b), which permits intervention if the "applicant's claim or defense and the main action have an issue of law or fact in common." ALVE has not sought to assert *any* claim or defense in this action, let alone a claim or defense with an issue of law or fact in common with those already at issue. Indeed, ALVE did not even submit a proposed pleading with its motion (as is required

---

agreement to which the union's members were undeniably bound. *See Snyder*, 136 F.R.D. at 368. Here, by contrast, ALVE has no such interest, as it cannot plausibly argue that any decision determining the arbitrability of claims asserted against *Abbott*, a non-signatory to the Funding Agreement, will have any effect on *ALVE's* ability to arbitrate claims or defenses of its own in the future.

[4] ALVE effectively concedes as much by stating in its brief that it "seeks intervention for the limited purpose of moving to compel arbitration." (ALVE Brief, at 4.) In other words, ALVE has no claims or defenses of its own going to the substance of this action. Accordingly, if ALVE were permitted to intervene, but its motion were denied, it would be left in the case as a party, but with no claims pending against it, and no claims of its own against anyone else.

under Rule 24(c)), and the sole relief that ALVE has requested from this Court is an order

compelling Birmingham to "ADR" its Complaint against Abbott. The reason for this omission is

simple: ALVE does not have any stake in the matters at issue in the Complaint.

Accordingly, no legitimate purpose would be served by permitting ALVE to

intervene in this action, and its request to do so should be denied. *See Rogoscirc v. Circus Show

Corp.*, Nos. 92 Civ. 8498; 93 Civ. 1304 (JSM), 1993 WL 277333, at *10 (S.D.N.Y. July 16,

1993) (denying a motion to intervene where the putative intervenor sought only a stay pending

arbitration, and had not filed any pleading, which revealed that it did not "at this time

contemplate a claim or defense relating to this action").

### C.    9 U.S.C. § 4 Nevertheless Provides a Procedural Mechanism for a Motion to Compel, and So the Court Should Consider the Motion — and Then Deny It

Although ALVE should not be permitted to "intervene" in this action, there *is* a

procedural mechanism that ALVE could have invoked as a basis to bring a motion to compel:

9 U.S.C. § 4.[5] Consequently, the Court should consider the "Motion to Compel" — before

denying the same, for the reasons explained below.

## II.    ALVE'S MOTION TO COMPEL ADR SHOULD BE DENIED

ALVE states in its motion that "ALVE has demanded that Birmingham arbitrate

the claims it has asserted in this litigation against ALVE's parent company Abbott." (ALVE

Brief at 1.) Elsewhere ALVE adds that it seeks to obtain, through ADR, "a determination ... that

neither ALVE, nor any of its affiliates, including Abbott, violated any duty to Birmingham or the

---

[5]    "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C.A. § 4 (2008).

other Investors to the Funding Agreement based upon the termination of the ZoMaxx Stent development program." (ALVE Brief at 3.)[6]  It appears, therefore, that ALVE is seeking both (a) to assert or defend claims in ADR relating to the ZoMaxx Stent *on behalf of Abbott* — a separate company — and (b) to assert or defend claims in ADR relating to the ZoMaxx Stent *on its own behalf.*  As explained below, ALVE does not have a basis to do either.

**A.      There Is No Basis for ALVE to Compel Birmingham to "ADR" Birmingham's Claim Against Abbott**

To the extent ALVE's motion seeks to compel ADR of Birmingham's claim against Abbott, ALVE's motion is misguided for several reasons.

**1.      ALVE Lacks Standing to Bring a Motion to Compel ADR on Behalf of a Separate Company**

It is axiomatic that one litigant may not assert or defend claims on behalf of another, even if the other litigant is a related entity.  *See, e.g., Am. Tissue, Inc. v. Arthur Anderson, L.L.P.*, 275 F. Supp. 2d 398, 404 (S.D.N.Y. 2003) ("[I]t is an ironclad rule that a party must assert *his own* legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties") (Scheindlin, *J.*) (emphasis in original); *Society of the Plastics Indus., Inc. v. County of Suffolk*, 77 N.Y.2d 761, 773 (1991) (noting the "general prohibition on one litigant raising the legal rights of another"); *Baker v. Latham Sparrowbush Assocs.*, 129 A.D.2d 667, 668  (2d Dep't 1987) (holding that plaintiff lacked standing to bring a declaratory judgment action regarding the validity of a provision in a lease to which she was not a party);

---

[6]  Similarly, in its Request for ADR served on February 11, 2008, ALVE states that it seeks a determination that "neither [ALVE], nor any of its affiliates, including Abbott, violated any duty to Birmingham under the Funding Agreement with respect to … the decision to no longer pursue the commercial development of the ZoMaxx Stent." (Foster Aff. ¶ 8, Ex. F.)

*Alexander & Alexander of N.Y. v. Fritzen*, 114 A.D.2d 814, (1st Dep't 1985) ("[O]ne corporation will generally not have legal standing to exercise the rights of other associated corporations."), *aff'd*, 68 N.Y.2d 968 (1986); *Minerals Techs., Inc. v. Pfizer, Inc.*, 309 A.D.2d 525, 596 (1st Dep't 2003) (holding that plaintiff "lacked standing to enforce the rights of its subsidiary") (citations omitted).

Accordingly, even if Birmingham's claim against Abbott could properly be the subject of a motion to compel ADR (which it cannot be, for the reasons explained below), only *Abbott* would have standing to bring that motion, and only *Abbott* would have standing to defend the claim in the resulting ADR proceeding. ALVE has no legal basis to act as a proxy for Abbott, to seek relief from this Court on Abbott's behalf, and to draw to itself a claim that has been asserted against Abbott, so as to shield Abbott from legal scrutiny and liability.

**2.    Birmingham's Claim Against Abbott Is Not Subject to the ADR Provision of the Funding Agreement**

Birmingham cannot in any event be compelled to ADR its claim under the Keep Well Agreement against Abbott — whether by ALVE or anyone else — because the claim is not subject to the ADR Provision of the Funding Agreement.

As explained previously, Birmingham's Complaint alleges that Abbott breached *the Keep Well Agreement* when Abbott terminated the ZoMaxx Stent, a commercially viable product. Birmingham does not contend that Abbott breached any provision of the *Funding Agreement*, to which Abbott was not even a party. Nor does Birmingham's claim against Abbott for breach of the Keep Well Agreement depend in any way on the occurrence of a breach of the Funding Agreement, whether by ALVE or by anyone else. (*See* Birmingham's Memorandum of Law in Opposition to Abbott's Motion to Compel Alternative Dispute Resolution and to Dismiss

or Stay ("Birmingham Opp. to Abbott Motion") at 11-14.)

ALVE nevertheless contends that Birmingham's claim against Abbott is subject to the ADR Provision because the ADR Provision is, in ALVE's words, a "broad" clause. In support of this misguided argument, ALVE cites several cases that discuss arbitration agreements that have been construed as "broad" clauses, and which have been deemed to encompass a wide range of disputes. (*See* ALVE Brief at 6–7.) These cases are distinguishable, however, for several reasons.

*First*, those cases did not involve a situation where, as here, the claim at issue arises under a separate agreement that reflects an agreement to *litigate* — not arbitrate — any disputes over breaches of that agreement.   Specifically, the Keep Well Agreement contains a provision that explicitly authorizes Birmingham to bring an "action" against Abbott for any breach of that Agreement. (*See* Birmingham's Opp. to Abbott Motion at 8-10.)  To read the ADR Provision as requiring Birmingham to submit this claim against Abbott to ADR would require ignoring — and effectively erasing — that explicit agreement to litigate.

*Second*, the disputes that were deemed within the scope of the arbitration agreements at issue in the cases cited by ALVE were disputes *between the parties to the arbitration agreements* in question.  None of the cases cited by ALVE suggested that the "broad" clauses at issue encompassed claims asserted by a contract party *against a third party*, let alone that claims against a third party *arising under a separate agreement*.  ALVE has not identified any case in which a court has construed an agreement similar to the ADR Provision in the Funding Agreement as being so all encompassing as to require, by its terms, arbitration of claims

asserted by one of the contract parties against a third party under a separate agreement.[7]

 *Third*, the clauses at issue in those cases were broader than the ADR Provision in the Funding Agreement. Specifically, they called for arbitration of "any controversy, claim or dispute between the Parties arising out of or relating in any way to this Agreement," *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 649 (2d Cir. 2004), "[a]ny dispute, claim, grievance or difference arising out of or relating to this Agreement," *Vera v. Saks & Co.*, 335 F.3d 109, 112 (2d Cir. 2003), "[a]ny dispute arising from the making, performance or termination of this Charter Party," *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 225 (2d Cir. 2001), and "[a]ny dispute, controversy or claim arising under or in connection with" the agreement, *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1998), respectively. In contrast, the ADR Provision encompasses only "bona fide disputes … which relate to the Parties' *rights and obligations under this [Funding] Agreement*[.]" (Funding Agreement at § 15.6; emphasis added.)[8] While

---

[7] One of the cases cited by ALVE — *JLM Indus., Inc. v. Stolt-Nielsen S.A.*, 387 F.3d 163, 172 (2d Cir. 2004) — did consider whether or not claims against a third party were subject to arbitration, but did not suggest that the arbitration agreement, by its terms, was broad enough to encompass those claims. Rather, the court analyzed the arbitrability of the claims against the non-signatory by reference to the estoppel doctrine. *See id.* at 177–78. Similarly, in the past when confronted with an effort to compel arbitration of claims against an assortment of parties, some of whom were signatories and some of whom were not, this Court analyzed the arbitrability of the claims against the signatories by reference to the breadth of the arbitration agreement, but analyzed the claims against the *non*-signatories separately, by reference to the estoppel doctrine. *See Stechler v. Sidley, Austin Brown & Wood L.L.P.*, 382 F. Supp. 2d 580, 588–92 (S.D.N.Y. 2005) (Scheindlin, *J.*); *see also Brantley v. Republic Mortgage Ins. Co.*, 424 F.3d 392, 395 (4th Cir. 2005) (observing that if the claim at issue is against a non-signatory, whether or not to compel arbitration "does not rest on a term of the contract, rather upon the application of equitable estoppel").

[8] Funding Agreement at § 15.6.

the provision does include the words "relate to" found in some of the clauses cited by ALVE, the relevant clause as a whole is narrower, because it says the dispute must be "bona fide" and must "relate to … the parties' rights and obligations" *under* the Funding Agreement — not simply that the dispute must somehow relate to the Funding Agreement more generally. Yet the claim asserted against Abbott does not "relate to" the rights and obligations of ALVE and Birmingham under the Funding Agreement; it relates only to *Abbott's* obligations under the *Keep Well Agreement*, and to Birmingham's rights under the same Agreement.

Finally, Birmingham would direct the Court to its Opposition to Abbott's Motion to Compel, in which it identifies other reasons (beyond those discussed above), as to why it would be inappropriate to compel ADR of Birmingham's claim against Abbott. (*See* Birmingham's Opp. to Abbott Motion at 15-20.)

**B.     ALVE Does Not Have any Bona Fide Dispute of Its Own Against Birmingham Relating to the Matters at Issue in Birmingham's Complaint**

ALVE's motion is equally misguided to the extent it seeks to compel ADR on *ALVE's* behalf, because there is no bona fide dispute between Birmingham and ALVE with regard to the matters at issue in Birmingham's Complaint.

As noted previously, Birmingham's Complaint asserts that *Abbott* breached *Abbott's* obligations under the Keep Well Agreement when *Abbott* terminated the ZoMaxx Stent. The Complaint does not assert any claim against ALVE, or otherwise take issue with ALVE's conduct. (Cavanaugh Decl., Ex. A at ¶¶ 51–55.) The reason for this is straightforward. As confirmed by the admissions of ALVE and Abbott in correspondence, and in their submissions to this Court, the decision to terminate ZoMaxx was made by Abbott, not ALVE. (*See* Kipperman Decl. ¶ 9 ("*Abbott* ultimately determined … that it would no longer pursue the

- 13 -

commercial development of the ZoMaxx stent) (emphasis added); Abbott Brief at 5 (same);

Foster Aff., ¶ 6 & Ex. D (letter from Abbott to Birmingham affiliate stating: "*Abbott* has

concluded that it will discontinue its program to commercialize the ZoMaxx drug-eluting stent"

(emphasis added); ALVE Brief at 1 (incorporating by reference the Abbott Br. and its supporting

declarations).)  Under the circumstances, with ALVE's parent company having terminated the

development program, ALVE could not have gone forward with it.  Birmingham has not

identified any legal basis to hold ALVE liable for the termination effectuated by Abbott, and

does not seek to do so.[9]  Consequently, there is no merit to ALVE's assertion that

"Birmingham's claims against Abbott in this litigation put ALVE at risk for similar claims."

(ALVE Brief at 4.)

   In the absence of a bona fide dispute between Birmingham and ALVE relating to

the matters at issue in the Complaint, it would be inappropriate to compel ADR with ALVE.

This is true for several reasons, which are discussed, in turn, below.

> **1. There Is No "Case or Controversy" Warranting Action From This Court on ALVE's Behalf**

   In the absence of a bona fide dispute, ALVE cannot establish the existence of a

"case or controversy" within the meaning of Article III of the United States Constitution.  *See*

---

[9] It bears noting that ALVE asserted in its motion that any claim that Abbott improperly terminated ZoMaxx necessarily implicates the Funding Agreement.  (ALVE Brief at 2.) Contrary to that assertion, however, the Funding Agreement in no way provided for or otherwise dealt with the possibility of a termination of the ZoMaxx program by Abbott or any other ALVE affiliate.  Where the Funding Agreement dealt with the possibility that a development program could be terminated, it was in the context of a termination *by ALVE* — not by Abbott or any other affiliate.  (*See* Funding Agreement at § 10.3.)  Accordingly, the decision by Abbott (a non-party to the Funding Agreement) to terminate ZoMaxx simply does not come within the scope of the Funding Agreement, and if Birmingham seeks to challenge that act of termination, it must do so pursuant to a claim against Abbott under the Keep Well Agreement.

*E.I. Dupont De Nemours & Co. v. Invista, B.V.*, 473 F.3d 44, 46–47 (2d Cir. 2006) ("The federal judicial power extends only to actual cases and controversies; federal courts are without jurisdiction to decide abstract or hypothetical questions [of] law"); *Port Wash. Teachers' Assoc. v. Bd. of Educ.*, 478 F.3d 494, 501 (2d Cir. 2007) ("The constitutional requirements for standing are grounded in Article III of the Constitution, which limits the jurisdiction of federal courts to cases or controversies.  A hypothetical or abstract dispute does not present a case or controversy … .") (citations and quotations omitted).

In order to establish the "irreducible constitutional minimum of standing" required under Article III, a petitioner must demonstrate:  (1) it has suffered (or is about to suffer) an injury-in-fact, that (2) was caused by the respondent, and (3) would be redressed by the relief sought from the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Raytheon Co. v. Ashborn Agencies, Ltd.*, 372 F.3d 451, 453–54 (D.C. Cir. 2004) (holding that applicant seeking to compel arbitration lacked Article III standing where order compelling arbitration would not redress applicant's injury).

ALVE cannot satisfy any of the required elements in connection with its motion to compel.  Given that Birmingham has not asserted any claim against ALVE in connection with the termination of ZoMaxx, and has no intention of asserting any such claim in the future, ALVE would not suffer any injury-in-fact if its motion to compel were denied — let alone an injury caused by Birmingham.  The fact that *Abbott* may ultimately be held liable for Abbott's breach of the Keep Well Agreement cannot constitute a cognizable injury to ALVE, because ALVE is a separate company from Abbott.

And while ALVE has sought to create the appearance that an alleged breach by

- 15 -

Abbott of its obligations under the Keep Well Agreement somehow implicates ALVE's obligations under the Funding Agreement, this is simply not true. A determination by this Court that Abbott breached the Keep Well Agreement when it terminated the ZoMaxx Stent does not have any impact on ALVE's obligations. ALVE would not, for example, owe royalties to Birmingham on the ZoMaxx Stent going forward. Nor would ALVE have to alter the manner in which it is performing the Funding Agreement in any way.

Equally unavailing is ALVE's contention that it needs to bring the instant motion to "preserve its rights under the Funding Agreement to have any dispute regarding its obligations under the agreement resolved through arbitration." (ALVE Brief at 2). ALVE has no need to protect the integrity of the ADR Provision, because Birmingham affirms its willingness to submit to "ADR" any bona fide dispute that might arise between it and ALVE relating to their rights and obligations under the Funding Agreement, as it has done with the bona fide dispute regarding the Xience stent. The abstract desire of a party to maintain its rights under an arbitration agreement cannot provide an adequate Article III basis to seek relief from a court where there is no actual threat to those rights. *See Raytheon*, 372 F.3d at 453–54.

In light of the foregoing, ALVE would suffer no harm if its motion to compel were denied, and it would gain no legitimate benefit if the motion were granted. The sole benefit it would obtain would be an improper opportunity to inject extraneous issues relating to the ZoMaxx Stent into the ADR proceeding that should be taking place relating to the sole bona fide dispute that exists between the parties, concerning the Xience Stent. If ALVE did so, Birmingham would have to devote attention to those issues in the ADR proceeding, despite its exceedingly limited time for presenting its case (5 hours), and its meager allotment of briefing

space (20 pages).  (Funding Agreement, Ex. 15.6, §§ 4(d), 5(a).)

Yet ALVE's bad-faith desire to distract the Neutral from the parties' bona fide

dispute relating to the Xience Stent, and to constrain Birmingham's ability to present its case in

connection with the same, in no way provides ALVE with a proper basis under Article III to seek

relief from this Court.  Because there is no injury that would be redressed by the relief sought by

ALVE, the motion should be denied.[10]

### 2.    The Parties Agreed That Only "Bona Fide" Disputes Would Be Referrable to ADR

Another reason ALVE's motion to compel should be denied in the absence of a

bona fide dispute is that the ADR Provision explicitly provides that it covers only "bona fide"

disputes.  Specifically, Section 15.6 provides: "The Parties recognize that *bona fide* disputes may

arise which relate to the Parties' rights and obligations under this Agreement.  The Parties agree

that *any such dispute* shall be resolved by Alternative Dispute Resolution ('ADR') in accordance

with the procedure set forth in Exhibit 15.6" (emphasis added).

In light of the italicized language, if a purported dispute is not "bona fide," it is

not within the scope of the ADR Provision, and there is no basis for it to be resolved by ADR.

*See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("*First Options*")

("[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those

disputes — but only those disputes — that the parties have agreed to submit to arbitration")

---

[10]  For the same reasons, ALVE cannot establish the requirement of 9 U.S.C. § 4 that a petitioner seeking an order compelling arbitration must be "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate."  *See Waterspring, S.A. v. Transmarketing Houston, Inc.*, 717 F. Supp. 181, 185 (S.D.N.Y. 1989) (holding that the petitioner was not "aggrieved" by its counterparty's refusal to arbitrate, and thus could not obtain relief under Section 4); *A/S Granger Rolf v. Zeeland Transp., Ltd.*, 191 F. Supp. 359, 362-64 (S.D.N.Y. 1961) (same).

(citations omitted); *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (observing that contract parties may "limit by agreement the claims they wish to submit to arbitration," and that if they "make such an intention clear, the federal policy favoring arbitration must yield") (citation and internal quotation marks omitted). *See also Stechler*, 382 F. Supp. 2d at 590 (noting that, with regard to whether or not a dispute is subject to arbitration, "[u]ltimately, the question is one of the parties' intent").

      The inclusion of the words "bona fide" in the instant ADR Provision is significant. None of the arbitration agreements in the cases that ALVE cites in its motion mandate that disputes be "bona fide," as this clause does. Under New York law — which governs the Funding Agreement that contains the ADR Provision[11] — such language must be given effect when interpreting the scope of the clause, and it should be treated as a limitation on the range of disputes referable to ADR. *See N. Am. Foreign Trading Corp. v. Mitsui Sumitomo Ins. USA, Inc.*, 413 F. Supp. 2d 295, 303–04 (S.D.N.Y. 2006) (Scheindlin, *J.*) (rejecting an interpretation of a contract that would render certain terms "mere surplusage"); *Acme Supply Co., Ltd. v. City of N.Y.*, 39 A.D.3d 331, 332 (1st Dep't 2007) (the "court should not adopt an interpretation which will operate to leave a provision of a contract … without force and effect") (citation and internal quotation omitted).

      It is beyond dispute, moreover, that this Court has the authority to decide whether or not the purported dispute that is the subject of ALVE's motion is "bona fide," and therefore

---

[11]  The designation of New York law is found at Section 15.2 of the Funding Agreement. Accordingly, the Court should construe the scope of the ADR Provision by reference to New York law. *See First Options*, 514 U.S. at 944 ("When deciding whether the parties agreed to arbitrate a certain matter … courts generally … should apply ordinary state-law principles that govern the formation of contracts").

within the scope of the ADR Provision. *See AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649 (1986) ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator"). Indeed, ALVE has affirmatively submitted to the Court the question of whether or not the purported dispute it seeks to "ADR" is within the scope of the ADR provision, thus conceding that this is a matter within the purview of the Court.

With regard to the meaning of the term "bona fide," the dictionary definition is instructive: "1. Made in good faith; without fraud or deceit. 2. Sincere; genuine." *Black's Law Dictionary* 186 (8th ed. 2004). As this indicates, a purported dispute cannot be bona fide (and hence within the scope of the ADR Provision) unless it is raised in good faith, and has a sincere or genuine basis. Yet, as explained above, the so-called "dispute" that ALVE seeks to submit to ADR is not genuine, and has not been raised in good faith, but rather for the improper purpose of limiting the ability of Birmingham to present its case in the ADR proceeding on the single bona fide dispute that *does* exist between ALVE and Birmingham, relating to Xience.

For the foregoing reasons, the Court should determine that the "dispute" ALVE seeks to raise in ADR is outside the scope of the ADR Provision, and deny ALVE's motion.

## III.   ALVE SHOULD BE ENJOINED FROM PURSUING DETERMINATIONS IN ADR RELATING TO ABBOTT'S TERMINATION OF THE ZOMAXX STENT

Rather than waiting for this Court to rule on its motion to compel, ALVE has attempted to preempt the Court's decision by initiating an ADR Proceeding and injecting into it the issues that are the subject of its motion. ALVE should be enjoined, however, from pursuing such issues in ADR any further, because those issues are not properly subject to ADR, and this maneuver would be prejudicial to Birmingham if allowed to succeed.

- 19 -

When parties attempt to arbitrate non-arbitrable disputes, a court has the power to stay or enjoin the arbitration. *SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P.*, 49 F. Supp. 331, 342 (S.D.N.Y. 1999) ("[T]o enjoin a party from arbitrating where an agreement to arbitrate is absent is the concomitant of the power to compel arbitration where it is present."); *Societe Generale de Surveillance, S.A. v. European Mgmt. & Sys. Co.*, 643 F.2d 863, 867—68 (1st Cir. 1981) (same); *see, e.g., Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377 (S.D.N.Y. 2002) (Scheindlin, *J.*) (staying arbitration of non-arbitrable dispute); *In re Application of Herman Miller, Inc.*, No. 97 Civ. 7878 (SAS), 1998 WL 193213 (S.D.N.Y. Apr. 21, 1998) (same).

As in the above cases, ALVE is attempting to "ADR" issues that are outside the scope of the ADR Provision.  ALVE has initiated an ADR proceeding regarding two separate matters, one of which is properly subject to ADR, and the other of which is not. *First*, ALVE seeks a determination relating to its obligation under the Funding Agreement to pay royalties on the Xience Stent.  (As explained previously, this *is* a bona fide dispute relating to the parties' rights and obligations under the Funding Agreement, and is properly subject to ADR.) *Second*, ALVE seeks to ADR Birmingham's Complaint against Abbott with respect to the ZoMaxx Stent, which is *not* properly subject to ADR, for the reasons explained previously.[12]  Accordingly, the Court should permanently stay the portion of the ADR proceeding relating to the latter issues, and enjoin ALVE from further attempts to raise the same in ADR.  Specifically, ALVE should be enjoined from: (a) seeking, on behalf of Abbott, determinations in ADR that Abbott did not

---

[12] *See* ALVE Brief at 1: "ALVE has demanded that Birmingham arbitrate the claims it has asserted in this litigation against ALVE's parent company Abbott;" Cavanaugh Decl., Ex. B ("We have been authorized by ALVE to notify you client of ALVE's intention to have the dispute, which was the subject matter of the Litigation, resolved pursuant to the ADR provisions of the [Funding] Agreement.").

violate the Keep Well Agreement in connection with the termination of the ZoMaxx Stent, as

alleged in Birmingham's Complaint; and (b) seeking determinations in ADR that neither ALVE,

nor any of its affiliates, including Abbott, violated the Funding Agreement in connection with the

termination of the ZoMaxx Stent — an issue as to which there is no bona fide dispute.[13]

  If ALVE's maneuver were not enjoined, Birmingham would be forced to expend

resources to defend against an award "that will ultimately be vacated." *SATCOM Int'l Group*

*PLC*, 49 F. Supp. at 342 (holding that arbitration of non-arbitrable claims could lead to

"significant and irreparable" injuries); *Tellium, Inc. v. Corning Inc.*, No. 03 Civ. 8487(NRB),

2004 WL 307238, at *3 (S.D.N.Y. Feb. 13, 2004) (holding that arbitration of non-arbitrable

claims constitutes "per se irreparable harm").  Moreover, given the significant constraints on

briefing and presentation of evidence in the ADR framework, the injection of such issues into the

ADR proceeding relating to the Xience Stent would impinge upon Birmingham's ability to

pursue its claim relating to that dispute, which both parties agree is properly subject to ADR.

---

[13]  Although ALVE's ADR Request seeks a determination that "neither [ALVE], nor any of its affiliates, including Abbott, violated any duty to Birmingham under the Funding Agreement with respect to … the decision to no longer pursue the commercial development of the ZoMaxx Stent" (*see* Foster Aff. ¶ 8, Exhibit F), Birmingham does not contend that ALVE or any of its affiliates violated *the Funding Agreement* in connection with Abbott's termination of the ZoMaxx Stent.  ALVE's characterization of the issue as such in its ADR Request is a ploy to create the semblance of a bona fide dispute under the Funding Agreement where none exists with regard to the ZoMaxx Stent.

## CONCLUSION

For the foregoing reasons, Birmingham respectfully requests that the Court deny ALVE's motion and enjoin ADR of the issues specified above.

Dated:    New York, New York
          February 19, 2008

DECHERT LLP


By: _____
    Daniel C. Malone
    George K. Foster
    Ross L. Hirsch
    Eric C. Kirsch

    30 Rockefeller Plaza
    New York, New York 10112
    (212) 698-3500
    (212) 698-3599 (fax)
    daniel.malone@dechert.com

    *Attorneys for Plaintiff Birmingham Associates, Ltd.*