UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BIRMINGHAM ASSOCIATES LTD,

                        Plaintiff,

                    v.

ABBOTT LABORATORIES,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 07 Civ. 11332 (SAS)

ECF Case


**JOINT MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PROPOSED-INTERVENOR ABBOTT LABORATORIES
VASCULAR ENTERPRISES LIMITED'S MOTION
TO INTERVENE AND TO COMPEL ARBITRATION
AND IN OPPOSITION TO BIRMINGHAM ASSOCIATES
LTD.'S CROSS-MOTION TO ENJOIN ARBITRATION**


PATTERSON BELKNAP WEBB & TYLER LLP
William F. Cavanaugh, Jr. (WC-3474)
Nicolas Commandeur (NC-4280)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Proposed-Intervenor Abbott
Laboratories Vascular Enterprises Limited*

## TABLE OF CONTENTS

**PAGE**

I. BIRMINGHAM'S RECITATION OF THE FACTUAL BACKGROUND TO THIS DISPUTE IS INCOMPLETE AND MISLEADING. ........................ 2

II. ALVE SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION. ........................................................................................................ 3

    A. ALVE Should Be Permitted To Intervene As of Right. ........................ 4

    B. Permissive Intervention Is Also Appropriate. ........................................ 6

III. THE DISPUTE BETWEEN ALVE AND BIRMINGHAM REGARDING THE ZOMAXX STENT IS SUBJECT TO ARBITRATION. ........................... 6

IV. THE DISPUTE BETWEEN ABBOTT AND BIRMINGHAM SHOULD BE ARBITRATED. .................................................................................... 9

V. ALTERNATIVELY, THIS LITIGATION SHOULD BE STAYED PENDING THE ARBITRATION BETWEEN ALVE AND BIRMINGHAM. ............................................................................................... 9

VI. BIRMINGHAM'S CROSS MOTION TO ENJOIN ALVE FROM PURSUING DETERMINATIONS IN ADR RELATING TO THE ZOMAXX DISPUTE SHOULD BE DENIED. ............................................. 10

# TABLE OF AUTHORITIES

**PAGE**

## CASES

A/S Ganger Rolf v. Zeeland Transp., Ltd.,
  191 F. Supp. 359 (S.D.N.Y. 1961) ..................................................................7

Burgos v. Hopkins,
  14 F.3d 787 (2d Cir. 1994)..............................................................................4

In re CBS,
  136 F.R.D. 364 (S.D.N.Y. 1991) ................................................................4, 6

Hessee Indus., Inc. v. Chem. Bank,
  508 F. Supp. 319 (S.D.N.Y. 1981) ..................................................................5

Raytheon Co. v. Ashborn Agencies, Ltd.,
  372 F.3d 451 (D.C. Cir. 2004).........................................................................7

SEC v. Everest Mgmt. Corp.,
  475 F.2d 1236 (2d Cir. 1972)..........................................................................5

Tachiona v. Mugabe,
  186 F. Supp.2d 383 (S.D.N.Y. 2002)..............................................................3

In re Waterspring S.A.,
  717 F. Supp. 181 (S.D.N.Y. 1989) .................................................................7

Werbungs Und Commerz Union Austalt v. Collectors' Guild Ltd.,
  782 F. Supp. 870 (S.D.N.Y. 1991) .................................................................3

## STATUTES

9 U.S.C. § 4 .............................................................................................................6

Fed. R. Civ. P. 24(c) .....................................................................................3, 4, 5

As with its opposition to Abbott's motion to compel, Birmingham complains in its opposition to ALVE's motion that the ADR procedures in the Funding Agreement are "crabbed" and "*ad hoc*." (Opp'n Br. at 2-3.)[1] But the fact that Birmingham no longer likes the procedures for resolving disputes to which it previously agreed does not relieve it of its obligations to adhere to those procedures.[2]

Birmingham opposes ALVE's right to resolve through the Funding Agreement's ADR procedures one of two disputes at issue in the currently-pending ADR proceeding: whether ALVE or any of its Affiliates, including Abbott, violated any duties owed to the Investors under the Funding Agreement relating to the decision to discontinue the commercial development of the ZoMaxx Stent. Birmingham argues principally that this is not a "ripe" dispute because Birmingham only asserted its ZoMaxx-related claims against Abbott, not ALVE. Birmingham cannot unilaterally dictate what "disputes" exist between it and ALVE. Abbott is ALVE's Affiliate as defined under the Funding Agreement. ALVE utilized Abbott to fulfill certain of its obligations under the Funding Agreement (as it was entitled to do). A dispute exists between Birmingham and ALVE because Birmingham contends that one of ALVE's Affiliates did not act in a commercially reasonable manner in discontinuing the ZoMaxx Stent – as required by the Funding Agreement. A finding that Abbott, as ALVE's Affiliate, did not act in accordance with the Funding Agreement, potentially exposes ALVE to liability. ALVE certainly has a direct interest in the resolution of Birmingham's claims regarding Abbott's conduct. And ALVE

---

[1] Unless otherwise indicated, capitalized terms in this brief have the same meanings ascribed to them in ALVE's moving brief. References to "Opp'n Br." are to Birmingham's memorandum of law in opposition to ALVE's motion to intervene and to compel arbitration; references to "Moving Br." are to ALVE's opening memorandum of law in support of its motion.

[2] Birmingham even goes so far as to refuse to acknowledge that the Funding Agreement provides for arbitration, claiming that it is a different procedure entirely, referred to as "ADR." (Opp'n Br. at 2-3.) Birmingham's semantic gymnastics are not only silly but also irrelevant insofar as Birmingham agreed to these alternative dispute resolution procedures, whatever their label.

therefore has an interest in ensuring that this litigation does not result in findings that are inconsistent with those of the currently-pending arbitration between ALVE and Birmingham.

Moreover, the two disputes Birmingham has raised – i.e., the dispute Birmingham concedes must be resolved through ADR (i.e., the Xience Dispute) and the dispute it asserts in this litigation (i.e., the ZoMaxx Dispute) will raise many of the same issues. As a result, ALVE has a very real interest in having this litigation dismissed or at least stayed in favor of the pending arbitration regarding its conduct under the Funding Agreement.

### I. BIRMINGHAM'S RECITATION OF THE FACTUAL BACKGROUND TO THIS DISPUTE IS INCOMPLETE AND MISLEADING.

Birmingham contends that ALVE's diligence in pursuing its rights to arbitration is a "maneuver" to resolve this dispute before the Court has a chance to rule on this motion. (Opp'n Br. at 5.) That assertion is incorrect. On February 11, 2008, ALVE served on Birmingham a Request for ADR Proceedings seeking a resolution of both the ZoMaxx Dispute and the Xience Dispute. (Feb. 19, 2008 Affirmation of George K. Foster, Ex. F.) ALVE did not serve its ADR Request in an effort to preempt this Court from ruling on the motion that ALVE itself filed. Rather, ALVE served the ADR Request because it was consistent with the procedures for ADR proceedings set forth in the Funding Agreement. (Kipperman Decl., Ex. A, Ex. 15.6.) Based upon Birmingham's continued refusal to participate in the ADR, ALVE has been compelled to hold in abeyance the ADR proceedings until this Court can rule on the motions to compel arbitration. (Feb. 29, 2008 Decl. of Nicolas Commandeur ("Commandeur Decl."), Exs. A, B & C.) Far from trying to deprive this Court of the ability to resolve this issue, it is Abbott and ALVE that were compelled to move this Court for an order compelling Birmingham to adhere to its agreement to arbitrate under the Funding Agreement.

2

## II.  ALVE SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION.

Birmingham's argument that ALVE's motion to intervene must be denied because it is procedurally deficient (Opp'n Br. at 6-8) is both wrong and irrelevant. Birmingham half-heartedly argues that ALVE's motion to intervene should be denied for failure to serve a pleading under Fed. R. Civ. P. 24(c). In this case, such a pleading would be unnecessary because ALVE's motion to intervene is limited to protecting its interest in the arbitration of the dispute identified in Birmingham's complaint. Courts in this Circuit do not require the filing of a pleading under Rule 24(c) "[w]here ... the position of the movant is apparent from other filings and where the opposing party will not be prejudiced...." Tachiona v. Mugabe, 186 F. Supp.2d 383, 393 n.8 (S.D.N.Y. 2002); see also Werbungs Und Commerz Union Austalt v. Collectors' Guild Ltd., 782 F. Supp. 870, 874 (S.D.N.Y. 1991).[3]

Ultimately, Birmingham's argument proves to be much ado about nothing, as Birmingham next asserts that ALVE's motion should be converted to a petition to compel arbitration under the Federal Arbitration Act, and on that basis, ALVE should be permitted to appear in this case.[4] (Opp'n Br. at 8.) Thus, the parties agree that ALVE should be permitted to appear in this case, but disagree on the procedural vehicle for achieving that result. ALVE concedes, as Birmingham suggests, that it could have filed a separate petition to compel arbitration pursuant to the Federal Arbitration Act under a different index number and asked that the suit be assigned to this Court as a related case. ALVE could have then filed a motion for a preliminary and permanent injunction and requested that the motion be briefed on the same

---

[3] If this Court nevertheless believes that such a pleading is required, ALVE has submitted a proposed petition to compel arbitration as Exhibit D to the Commandeur Declaration.

[4] That Birmingham actually *wants* ALVE in this case is confirmed by the fact that it has filed a cross-motion seeking an order from this Court permanently enjoining ALVE from arbitrating issues relating to the termination of the ZoMaxx Stent. Of course, this Court would be without power to issue such an order if ALVE were not before it in this case.

3

1439193v.1

schedule as Abbott's related, and already pending, motion to compel arbitration. But given the relationship between ALVE's motion and Abbott's motion to compel arbitration – including the fact that ALVE's motion is effectively moot if this Court grants Abbott's motion – intervention in this case is the most efficient way for this Court and the parties to get all issues combined in one proceeding for resolution. ALVE's motion for intervention should be granted.

### A. ALVE Should Be Permitted To Intervene As of Right.

Birmingham argues that ALVE cannot satisfy the requirements for intervention as of right under Fed. R. Civ. P. 24(a) because its "interest" in this case is limited to "some abstract question of arbitrability." (Opp'n Br. at 6.) Birmingham fails to cite a single case in support of its mistaken argument, and effectively ignores the case law cited in ALVE's moving brief for the propositions that (i) the courts take a liberal view toward the "interest" necessary to satisfy Rule 24(a); and (ii) that protecting a contractual right to demand arbitration is such an interest. (Moving Br. at 2-3 (citing cases).)[5]

ALVE's interest in this motion is not merely a desire to protect the concept of arbitration under the Funding Agreement. Rather, ALVE has a genuine interest in the resolution of Birmingham's allegation that one of its Affiliates under the Funding Agreement improperly discontinued the ZoMaxx Stent, thereby exposing ALVE to potential liability. Depending upon the outcome of this litigation, ALVE may be collaterally estopped from asserting certain claims in future proceedings. See Burgos v. Hopkins, 14 F.3d 787, 792 (2d Cir. 1994) ("collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly

---

[5] Birmingham's attempt to distinguish In re CBS, 136 F.R.D. 364 (S.D.N.Y. 1991), is unavailing. (Opp'n Br. at 6 n.3.) In that case, the court found that the union's interest in protecting the contractual right to arbitration was sufficient for purposes of Rule 24(a). That Birmingham disputes ALVE's ability to arbitrate the ZoMaxx Dispute – which is, of course, the ultimate issue to be resolved on the motion to compel arbitration – does not change the fact that ALVE's claim that it is arbitrable is a sufficient interest for the threshold question of Rule 24(a) intervention.

4

1439193v.1

raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same.'"); cf. 50 C.J.S. Judgments § 830 ("Privity [for res judicata purposes] requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same.") Specifically, if this Court determines, as Birmingham suggests, that Abbott did not act in a commercially reasonable manner with respect to the discontinuance of the ZoMaxx Stent, ALVE, which is in privity with Abbott, may be precluded from denying the allegation in future proceedings. See Hessee Indus., Inc. v. Chem. Bank, 508 F. Supp. 319, 323 (S.D.N.Y. 1981) (parent collaterally estopped by judgment against subsidiary). This interest is sufficient for purposes of Rule 24(a). See SEC v. Everest Mgmt. Corp., 475 F.2d 1236, 1239 n.4 (2d Cir. 1972) (risk of collateral estoppel "may supply the practical disadvantage that is required for intervention under Rule 24(a)(2)").

Birmingham is similarly wrong in arguing that intervention is inappropriate because Abbott can represent ALVE's interest in this case. In support of its argument, Birmingham notes that "ALVE itself concedes [that] 'Abbott's and ALVE's interests are, of course, aligned in seeking arbitration of the ZoMaxx Dispute.'" (Opp'n Br. at 7 (quoting ALVE Moving Br. at 3).) Birmingham's argument that Abbott's and ALVE's interests are aligned in this matter confirms that this action could work as a collateral estoppel against ALVE. But more importantly for purposes of the pending motion, Birmingham's selective quoting conveniently ignores the remainder of the quoted paragraph from ALVE's moving brief: "Nevertheless, if this Court denies Abbott's motion based upon the fact that it was not a signatory to the Funding Agreement, then ALVE's interest in compelling arbitration, as a signatory to the agreement, will not be adequately represented." (Moving Br. at 3.) In other words, ALVE has no need to

5

intervene in this case *unless* this Court denies Abbott's motion based upon Abbott's inability to assert arguments that only ALVE, as a signatory to the Funding Agreement, may assert. Therefore, Abbott cannot necessarily represent ALVE's interests in pursuing arbitration.

### B. Permissive Intervention Is Also Appropriate.

Similarly unavailing is Birmingham's contention that ALVE is not entitled to permissive intervention pursuant to Rule 24(b) because it has not asserted any claim or defense "with an issue of law or fact in common with those already at issue." (Opp'n Br. at 7.) ALVE's claim in this case is that the allegations set forth in Birmingham's complaint are subject to binding arbitration – a claim that is shared by the defendant Abbott. It is difficult to fathom a claim with more of an issue of law or fact in common with those already at issue.

### III. THE DISPUTE BETWEEN ALVE AND BIRMINGHAM REGARDING THE ZOMAXX STENT IS SUBJECT TO ARBITRATION.

Birmingham claims that ALVE's demand to compel arbitration of the ZoMaxx Dispute does not present a "'case or controversy' warranting action from the court on ALVE's behalf." (Opp'n Br. at 14-17.) The crux of Birmingham's claim is that the ZoMaxx Dispute only implicates Abbott – not ALVE – because it was Abbott – not ALVE – that discontinued the ZoMaxx Stent. Because ALVE did not discontinue the ZoMaxx Stent, Birmingham argues that ALVE has no stake in Birmingham's claims and therefore presents no case or controversy to be resolved by this Court. This argument fails for at least two reasons.

First, ALVE's "case or controversy" currently before this Court is ALVE's interest in arbitrating this dispute, not the underlying merits of the discontinuance of the ZoMaxx Stent. As explained above, this is a genuine interest and sufficient to confer standing. See In re CBS, 136 F.R.D. 364, 368 (S.D.N.Y. 1991); 9 U.S.C. § 4. The cases cited by Birmingham in support of its argument that ALVE's interest in protecting its contractual right to arbitration does not

6

confer Article III standing, are easily distinguished. (Opp'n Br. at 15-17 & n.10.) In each of those cases, the court found that the petitioner lacked standing not because the petitioner's interest in protecting its right to arbitration was insufficient. Instead, the court in each case found that the petitioner suffered no injury to its interest in arbitrating the disputes because under the terms of the respective agreements, the petitioner could proceed with arbitration *ex parte*.[6] Here, by contrast, the ADR procedures in the Funding Agreement do not provide for *ex parte* proceedings. As such, ALVE's right to arbitration is at risk unless this Court compels Birmingham to participate in the proceedings. That risk is more than enough to confer standing.

Second, the fact that Abbott discontinued the ZoMaxx Stent does not mean that ALVE does not have a genuine interest in the resolution of Birmingham's claims. Abbott is an Affiliate of ALVE's (as that term is defined under the Funding Agreement) and as such has certain powers under the Funding Agreement. In particular, Abbott, as an Affiliate, was authorized to use "commercially reasonable efforts" to conduct the Development Program (Kipperman Decl., Ex. A §2.1) and to discontinue work on the ZoMaxx Stent when it was no longer commercially reasonable to do so.

Suggesting that Abbott was not authorized to discontinue the ZoMaxx Stent, Birmingham makes much of the fact that "[w]here the Funding Agreement dealt with the possibility that a development program could be terminated, it was in the context of a termination by *ALVE* – not by Abbott or any other Affiliate. (*See* Funding Agreement at § 10.3.)" (Opp'n Br. at 14 n.9 (emphasis in original).) This does not, however, mean that *only* ALVE could discontinue the development program. Indeed, the Funding Agreement contains

---

[6] See Raytheon Co. v. Ashborn Agencies, Ltd., 372 F.3d 451, 453 (D.C. Cir. 2004); In re Waterspring S.A., 717 F. Supp. 181, 184 (S.D.N.Y. 1989); A/S Ganger Rolf v. Zeeland Transp., Ltd., 191 F. Supp. 359, 363 (S.D.N.Y. 1961).

7

1439193v.1

numerous provisions regarding duties of ALVE that were exercised by Abbott without objection from the Investors. For example, the Funding Agreement provides that ALVE shall make the appropriate milestone payments to the Investors; those payments were in fact made by Abbott. (Kipperman Decl., ¶ 6.) The Funding Agreement also provides that ALVE shall provide the Investors with a reasonably detailed report setting forth the status of the Development Program; those reports were in fact made by Abbott. (Id.)

Not surprisingly, Birmingham never objected that it was Abbott taking these and other steps (including discontinuance), rather than Abbott's indirect subsidiary, ALVE, on the grounds that a letter, notice or action should have been generated by ALVE. Birmingham's self-serving suggestion that the termination provisions are different from these other provisions, and that Abbott was not authorized to act on ALVE's behalf in that one respect, is disingenuous at best. More importantly, it is an issue for the arbitrator to resolve. Accordingly, the close relationship between Abbott and ALVE, and Abbott's intimate involvement in working with ALVE to fulfill its obligations under the Funding Agreement, confirm that Birmingham's allegations against Abbott regarding the ZoMaxx Stent implicate ALVE as well.

Birmingham asserts that, notwithstanding the facially broad language in the Funding Agreement that the ADR procedures apply to "any such dispute" that "relate[s] to the Parties' rights and obligation under [the Funding Agreement]" (Kipperman Decl., Ex. B § 15.6), the arbitration clause is actually to be narrowly construed because it only pertains to "bona fide" disputes. (Opp'n Br. at 19.) Apparently the question of what is a "bona fide" dispute is to be viewed from the perspective of Birmingham. Common sense dictates that the scope of arbitration clauses do not turn on one party's views on the merits.

8

In sum, ALVE is entitled to seek a determination through the ADR procedures of the Funding Agreement that neither it, nor any of its Affiliates, are liable to Birmingham for any damages relating to the discontinuance of the ZoMaxx Stent.

## IV.   THE DISPUTE BETWEEN ABBOTT AND BIRMINGHAM SHOULD BE ARBITRATED.

Birmingham's argument that ALVE "lacks standing to bring a motion to compel ADR on behalf of a separate company" (Opp'n Br. at 9) misses the mark. ALVE is not asserting a claim on Abbott's behalf. Rather, ALVE simply joins in the motion that Abbott filed on Abbott's own behalf to compel arbitration. As explained above, ALVE's and Abbott's interests in compelling arbitration are aligned – ALVE wants to ensure that its right to arbitration under the Funding Agreement is preserved, and that this Court not be asked to decide issues in a case to which ALVE is not a party that may nevertheless impact ALVE's interests.[7] That ALVE agrees with Abbott's motion does not mean that ALVE is asserting Abbott's claim as a surrogate on Abbott's behalf.

## V.   ALTERNATIVELY, THIS LITIGATION SHOULD BE STAYED PENDING THE ARBITRATION BETWEEN ALVE AND BIRMINGHAM.

Birmingham ignores in its opposition papers ALVE's alternative request that this litigation be stayed in the event this Court denies Abbott's motion to compel arbitration. (Moving Br. at 8.) Indeed, even if this Court were also to deny ALVE's motion to compel arbitration, ALVE and Birmingham would still have a pending arbitration regarding the Xience Dispute. As explained in Abbott's reply brief in support of its motion to compel, the arbitration of that dispute will involve many of the same issues as this litigation going both to the merits and

---

[7] In opposition to ALVE's support of Abbott's motion to compel, Birmingham regurgitates the arguments that it asserted in its brief in opposition to Abbott's motion. (Opp'n Br. at 10-13.) Those arguments are all addressed in Abbott's reply brief in further support of its motion to compel arbitration.

9

1439193v.1

measure of damages, if any. (Abbott Reply Br. at 9-10.) Accordingly, to preserve judicial resources and avoid inconsistent results, this litigation should be stayed.

## VI. BIRMINGHAM'S CROSS MOTION TO ENJOIN ALVE FROM PURSUING DETERMINATIONS IN ADR RELATING TO THE ZOMAXX DISPUTE SHOULD BE DENIED.

Birmingham's cross-motion to enjoin ALVE from pursuing a determination via ADR of the ZoMaxx Dispute adds little to the dispute.[8] For the same reasons that ALVE's motion to compel arbitration should be granted, Birmingham's cross-motion should be denied.

## CONCLUSION

For the foregoing reasons, and for all of the reasons set forth in ALVE's Moving Brief, ALVE respectfully requests that this Court grant ALVE's motion to intervene and grant its motion to compel arbitration.

Dated: February 29, 2008
New York, New York

PATTERSON BELKNAP WEBB & TYLER LLP

By: /s/ William F. Cavanaugh, Jr.
William F. Cavanaugh, Jr. (WC-3474)
Nicolas Commandeur (NC-4280)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Proposed-Intervenor Abbott Laboratories Vascular Enterprises Limited*

[8] To the extent Birmingham has filed its cross-motion purely to afford it an opportunity for what would effectively be a sur-reply to ALVE's motion to compel arbitration, such tactics should not be countenanced. See Individual Rules and Procedures of Judge Shira A. Scheindlin, § III(G) ("Sur-replies will not be accepted unless permitted by the Court in advance.") ALVE therefore presumes that Birmingham's reply in further support of its cross-motion will be narrowly tailored to address only the issues that are specifically relevant to responding to ALVE's opposition to Birmingham's cross-motion.