PATTERSON BELKNAP WEBB & TYLER LLP
William F. Cavanaugh, Jr. (WC-3474)
Nicolas Commandeur (NC-4280)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Defendant Abbott Laboratories and Proposed-Intervenor*
*Abbott Laboratories Vascular Enterprises, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| BIRMINGHAM ASSOCIATES LTD, | : | Case No.  07 Civ. 11332 (SAS) |
|  | : |  |
|  | : | ECF Case |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| ABBOTT LABORATORIES, | : |  |
|  | : |  |
| Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF NICOLAS COMMANDEUR

NICOLAS COMMANDEUR, hereby declares under penalty of perjury pursuant
to 28 U.S.C. § 1746 at follows:

1.      I am associated with the law firm of Patterson Belknap Webb & Tyler,

LLP, counsel for Defendant Abbott Laboratories ("Abbott") and proposed-intervenor Abbott

Laboratories Vascular Enterprises Inc. ("ALVE") in this litigation.  I submit this declaration in

support of Abbott's Motion to Compel Arbitration and to Stay or Dismiss this Litigation, and in

support of ALVE's Motion to Intervene and to Compel Arbitration.

2.      Attached hereto as Exhibit A is a true and correct copy of the February

15, 2008 letter from Daniel C. Malone to William F. Cavanaugh.

1440342v.I

3.    Attached hereto as Exhibit B is a true and correct copy of a February 19, 2008 e-mail message from George Foster to me.

4.    Attached hereto as Exhibit C is a true and correct copy of the February 20, 2008 letter from William F. Cavanaugh to Daniel C. Malone.

5.    Attached hereto as Exhibit D is a true and correct copy of ALVE's proposed Petition to Compel Arbitration. Pursuant to this Court's Individual Rules and Procedures regarding the length of exhibits, the exhibit to the proposed Petition (the May 2, 2005 Research and Development Funding Agreement) has been omitted.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: February 29, 2008
       New York, New York

NICOLAS COMMANDEUR

1440342v.1

RECYCLED



30 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

DANIEL C. MALONE
*Partner*

daniel.malone@dechert.com
+1 212 698 3861  Direct

February 15, 2008

**VIA EMAIL & HAND DELIVERY**

William F. Cavanaugh, Jr.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Dear Mr. Cavanaugh:

I have your letter of February 11 and its enclosed "Request for ADR Proceeding" (the "Request") on behalf of Abbott Laboratories Vascular Enterprises, Ltd. ("ALVE").

On behalf of Birmingham Associates, Ltd. ("Birmingham"), and without waiving Birmingham's right to dispute whether issues identified in the Request are subject to alternative dispute resolution, we propose deferring the component of the ADR Proceeding that ALVE has identified in the Request as the determination of whether "ALVE [or] any of its affiliates, including Abbott, violated any duties to Birmingham or any of the other Investors through the termination of the ZoMaxx Stent." In light of the ongoing motion practice before the Court in *Birmingham Assocs. Ltd. v. Abbott Laboratories*, 07 CV 11332 (SAS) (SDNY), we believe that it is sensible to hold such issue in abeyance until any such motions are decided.

In the alternative, Birmingham would consider deferring the entire ADR Proceeding until the Court has decided the motions.

Please let me know ALVE's response to this proposal as soon as possible.

Very truly yours,

Daniel C. Malone

U.S. Austin Boston Charlotte Harrisburg Hartford New York Newport Beach Palo Alto Philadelphia Princeton San Francisco Washington DC  EUROPE Brussels Frankfurt London Luxembourg Munich Paris

Exhibit B

RECYCLED

## Commandeur, Nico (x2483)

| | |
|---|---|
| **From:** | Foster, George [george.foster@dechert.com] |
| **Sent:** | Tuesday, February 19, 2008 1:21 PM |
| **To:** | Commandeur, Nico (x2483) |
| **Cc:** | Cavanaugh, William F. (x2793); Malone, Daniel |
| **Subject:** | ALVE |

Nico,

Further to my voicemail message of this morning, we would be grateful if you would get back to us promptly in response to Dan Malone's query of last Friday, regarding whether or not ALVE will agree to hold the pending ADR proceeding in abeyance (or at least that aspect of the proceeding relating to the determination ALVE is seeking in connection with the ZoMaxx Stent) while we are awaiting the Court's ruling on the pending motions. As I mentioned, if ALVE will not agree to do so, it is likely that we will seek a preliminary injunction staying the ADR proceeding by OSC.

I also noted in my message to you that Birmingham is planning to bring a cross-motion for an order permanently enjoining ALVE from raising in ADR the issues that are the subject of its motion to compel, although this would not be necessary if ALVE will agree not to pursue those matters further in ADR if the Court denies ALVE's pending motion. If ALVE is *not* willing to make that undertaking, we would propose that Birmingham's cross-motion be heard on the same briefing schedule as the pending motions. Specifically, the cross-motion would be filed today, ALVE's opposition thereto would be due on February 29 (together with its reply brief in support of its motion), and Birmingham's reply in support of the cross-motion would follow one week later. Please let us know as soon as possible (and in any event by the close of business today) whether your client is amenable to this proposal. If so, we will prepare a stipulation and proposed order to that effect. Thanks.

Regards,

George

George K. Foster
Dechert LLP
30 Rockefeller Plaza
New York, New York 10112 USA
+1 212 698 3500 (main)
+1 212 698 3827 (direct)
+1 212 698 3599 (facsimile)
george.foster@dechert.com
www.dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is con

Exhibit C

RECYCLED

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

February 20, 2008

By E-Mail

William F. Cavanaugh, Jr.<br>
Partner<br>
(212) 336-2793<br>
Direct Fax (212) 336-2394<br>
wfcavanaugh@pbwt.com

Daniel C. Malone, Esq.
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112-2200

Dear Daniel:

      I am writing in response to your February 15 letter. As you know, we have served a Request for ADR Proceeding regarding whether Abbott Laboratories Vascular Enterprises, Ltd. ("ALVE") or any of its affiliates, including Abbott Laboratories, violated duties to Birmingham Associates relating to their performance under the May 2, 2005 Research and Development Funding Agreement (the "Funding Agreement"). As we made clear in our February 11, 2008 Request for ADR Proceeding, this dispute involves two inextricably intertwined issues: first, the decision to discontinue the commercial development of the ZoMaxx stent; and second, the decision to designate the Jaguar stent as the "2nd Generation Stent" under the terms of the Funding Agreement.

      We were forced to file a motion to compel arbitration before the Court in *Birmingham Assocs. Ltd. v. Abbott Laboratories*, 07 CV 11332 (SAS) (SDNY), based upon your client's refusal to arbitrate one part of this dispute, namely, whether the decision to discontinue the commercial development of the ZoMaxx stent is a breach of the Funding Agreement. We take your February 15 letter to reflect a continuing refusal to arbitrate that issue, notwithstanding our compliance with the ADR procedures set forth in the Funding Agreement. We therefore have no choice but to defer arbitration of that issue until our motion to compel can be decided.

      In addition, given that the disputes about the ZoMaxx stent and the 2nd Generation Stent are intertwined, we do not believe that it makes sense, as you alternatively suggest in your February 15 letter, to proceed with the ADR proceeding regarding the dispute over the 2nd Generation Stent while the dispute regarding the ZoMaxx stent is delayed. We will therefore hold the entire ADR proceeding in abeyance pending resolution of our motion to compel. Our inability to proceed currently with the ADR Proceeding, based upon your client's refusal to arbitrate, should obviously not be viewed as a waiver of any of ALVE's or its affiliates' rights or remedies.

Sincerely,

*[signature]*

William F. Cavanaugh, Jr.

Exhibit D

RECYCLED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BIRMINGHAM ASSOCIATES LTD,

                Plaintiff,

        v.

ABBOTT LABORATORIES,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ABBOTT LABORATORIES VASCULAR
    ENTERPRISES LTD.

                Petitioner,

        v.

BIRMINGHAM ASSOCIATES LTD,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.  07 Civ. 11332 (SAS)

ECF Case

## PETITION TO COMPEL ARBITRATION

PATTERSON BELKNAP WEBB & TYLER LLP
William F. Cavanaugh, Jr. (WC-3474)
Nicolas Commandeur (NC-4280)
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Petitioner Abbott Laboratories
Vascular Enterprises Ltd.*

## Preliminary Statement

1.    Petitioner Abbott Laboratories Vascular Enterprises, Inc. ("ALVE") brings

this petition in support of its motion to intervene and to compel arbitration.  Pursuant to the terms

of a May 5, 2005 Research and Development Funding Agreement (the "Funding Agreement")

between ALVE and Birmingham Associates, Ltd., ("Birmingham"), ALVE served a Request for

ADR proceedings relating to two disputes, one of which is the subject of the Complaint filed by

Birmingham in this litigation against Abbott Laboratories ("Abbott").  In violation of its

covenant in the Funding Agreement to resolve disputes with ALVE through arbitration,

Birmingham has refused to arbitrate the issues raised in ALVE's Request for ADR proceedings.

ALVE therefore brings this Petition to compel Birmingham to participate in the ADR

proceeding.

## Jurisdiction and Venue

2.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331,

as this Petition arises under 9 U.S.C. § 4.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(d).

## The Parties

4.    ALVE is an indirect, wholly-owned subsidiary of Abbott Laboratories

organized under the laws of Ireland.  ALVE is essentially a holding company for intellectual

property, and owns, among other things, the intellectual property associated with the ZoMaxx

Stent.

5.    Upon information and belief, Birmingham is a Cayman Islands

corporation organized and existing under the laws of the Cayman Islands.  Birmingham is

1439771v.1

managed by Elliott International Capital Advisors, Inc., a Delaware corporation with its principal place of business in New York City.

## Factual Background

### The ZoMaxx Stent

6.    This dispute concerns the development of a drug eluting stent known as the ZoMaxx Stent. The ZoMaxx Stent, like all drug eluting stents, consists of three parts: (i) the stent body, which is a metal mesh tubular scaffold; (ii) a drug compound that is eluted from the stent; and (iii) a polymer that holds the drug compound onto the stent and controls the release of the drug over time. The drug compound is intended to inhibit the growth of scar tissue within the stented area, which can otherwise result in renewed blockage of the stented artery.

7.    As explained below, the ZoMaxx Stent development program was ultimately terminated based upon certain setbacks in the clinical trials and testing and Abbott's determination that continued development was not commercially reasonable.

### The Funding Agreement

8.    A group of investors (the "Investors"), including Birmingham, entered into a Research and Development Funding Agreement (the "Funding Agreement"), dated as of May 2, 2005, with ALVE relating to the development of the ZoMaxx Stent. A copy of the Funding Agreement is attached hereto as Exhibit A.

9.    Pursuant to the Funding Agreement, ALVE and its affiliates, including Abbott, were to use "commercially reasonable efforts" to obtain regulatory approval of, among other things, the ZoMaxx Stent and a contemplated successor product, referred to in the Funding Agreement as the "Drug-Eluting Stent – 2nd Generation" (the "Second Generation Stent"). Under the Funding Agreement, ALVE had the right to terminate any program covered by the agreement "based upon its reasonable commercial judgment without giving consideration to its obligations

3

under this Agreement." In exchange for their investment in the development program, the Investors were to receive royalty and milestone payments relating to the ZoMaxx Stent and second generation stent if and when those products achieved certain regulatory approvals and commercial benchmarks.

10.    Abbott was intimately involved in the work relating to the Funding Agreement. It negotiated the Funding Agreement with the Investors on behalf of ALVE. Moreover, Abbott has certain powers and responsibilities under the Funding Agreement as an "Affiliate" of ALVE. For example, the Funding Agreement expressly provides that Abbott may be responsible for the conduct and funding of the development program. And Abbott did, in fact, take responsibility for developing the ZoMaxx Stent. In addition, Abbott – not ALVE – would (i) regularly report to the Investors on the progress of the development program and (ii) coordinate the payment of any royalties that the Investors were entitled to under the Funding Agreement. Moreover, in recognition of the close relationship between Abbott and ALVE – and of Abbott's interest in the Funding Agreement – the Funding Agreement provides that all notices to ALVE under the Funding Agreement shall also be provided to Abbott as well.

11.    Of particular significance to this motion, the Funding Agreement also contains a broad arbitration clause:

> The Parties recognize that bona fide disputes may arise which relate to the Parties' rights and obligations under [the Funding Agreement]. The Parties agree that any such dispute shall be resolved by Alternative Dispute Resolution ("ADR") in according with the procedures set forth in Exhibit 15.6. …

The only exception to the arbitration clause is for an action for injunctive relief to compel the other party to comply with the confidentiality obligations of the Funding Agreement.

**Termination of the ZoMaxx Stent Development Program**

12.    The ZoMaxx Stent went through a rigorous research and development process, including several in-depth clinical trials.  Based in part upon its assessment of this clinical data, Abbott ultimately determined in October 2006 that it would no longer pursue the commercial development of the ZoMaxx Stent.

**Filing of this Litigation and Related Arbitration**

13.    On December 17, 2007, Birmingham filed its complaint against Abbott before this Court.  In short, Birmingham alleged that Abbott abandoned the ZoMaxx Stent not because of inherent problems with the product, but instead because it wished to focus its development efforts on another Abbott product, the "Xience" stent.  Upon receipt of the lawsuit, Abbott's counsel wrote to Birmingham's counsel on January 3, 2008, demanding that the litigation be stayed or dismissed in favor of arbitration.  In a letter dated January 4, 2008, Birmingham's counsel denied that request.

14.    Also on January 3, ALVE gave notice to Birmingham of its desire to resolve the dispute regarding the issues raised in the lawsuit filed by Birmingham against Abbott pursuant to the ADR provisions of the Funding Agreement. Under the ADR procedures outlined in the Funding Agreement, ALVE's notice triggered a 28-day period for good faith negotiations.

15.    Counsel for Birmingham responded on January 4 to ALVE's notice of dispute by claiming that the notice was deficient insofar as it did not identify the nature of the dispute with adequate specificity and that the issues raised in this litigation were not, in fact, arbitrable.  At the same time, however, Birmingham provided its own notice of a dispute under the ADR provisions of the Funding Agreement relating to ALVE's failure to make royalty and milestone payments to which Birmingham claims it is entitled.  Specifically, Birmingham alleges that the Xience stent constitutes the Second Generation Stent under the Funding Agreement.

5

16.     ALVE, in turn, responded to Birmingham's arbitration demand on January 15, 2008. In that letter, ALVE disputed Birmingham's allegations, but agreed that the dispute regarding the Xience stent should be resolved pursuant to the ADR provisions of the Funding Agreement. ALVE also provided additional specificity regarding the nature of its dispute against Birmingham relating to the ZoMaxx Stent: namely, that ALVE sought through ADR a determination that neither ALVE, nor its affiliates, including Abbott, violated any duty to Birmingham under the Funding Agreement by the termination of the ZoMaxx development program. In a letter dated January 18, 2008, Birmingham's counsel responded to ALVE's more specific demand by persisting in its view that the dispute regarding the ZoMaxx Stent was not arbitrable.

17.     On February 11, 2008, ALVE served upon Birmingham its Request for ADR Proceedings, seeking a determination through the ADR procedures set forth in the Funding Agreement that neither ALVE, nor any of its affiliates, including Abbott, violated any duty to Birmingham under the Funding Agreement with respect to: (i) the decision to no longer pursue the commercial development of the ZoMaxx Stent; and (ii) the designation of a stent known as the Jaguar Stent – and not the Xience Stent – as the Second Generation Stent.

18.     In a letter dated February 15, 2008, Birmingham's counsel reiterated its view that the dispute regarding the ZoMaxx Stent was not arbitrable. Birmingham's counsel also indicated that Birmingham would file with this Court a motion for a preliminary injunction and temporary restraining order unless ALVE held the ADR proceeding in abeyance.

19.     Given Birmingham's refusal to participate in the ADR, ALVE had no choice but to hold the pending ADR proceeding in abeyance until this Court had an opportunity to rule on ALVE's application to compel arbitration.

1439771v.1

## CAUSE OF ACTION

### (Petition to Compel Arbitration Pursuant to 9 U.S.C. § 4)

20.     Birmingham repeats and realleges paragraphs 1 through 19 as though each were fully set forth herein.

21.     The Funding Agreement is valid and binding.

22.     The Funding Agreement contains a valid arbitration clause that governs the resolution of all disputes between the parties relating to the Funding Agreement.

23.     ALVE and Birmingham have a dispute relating to (i) the termination of the ZoMaxx Stent; and (ii) whether the Xience Stent constitutes the Second Generation Stent under the Funding Agreement. This dispute arises under and relates to the Funding Agreement.

24.     ALVE has complied with all of the procedures set forth in the Funding Agreement to obtain a resolution through an ADR proceeding of the parties' dispute.

25.     Birmingham has refused to participate in an ADR proceeding relating to the parties' dispute regarding the ZoMaxx Stent.

26.     Birmingham's refusal is in violation of its agreement to arbitrate disputes pursuant to the procedures set forth in the Funding Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court order:

A.     That Birmingham must submit to an ADR Proceeding pursuant to the terms of the Funding Agreement to resolve where ALVE, or any of its affiliates, including Abbott, violated any duty to Birmingham under the Funding Agreement with respect to: (i) the decision to no longer pursue the commercial development of the ZoMaxx Stent; and (ii) the designation of the Jaguar Stent – and not the Xience Stent – as the Second Generation Stent;

B.     That this litigation be stayed;

C.      That Birmingham pay ALVE its costs and fees incurred in bringing this

Petition; and

D.      Such other relief as this Court deems just and proper.

Dated:   February 29, 2008
         New York, New York

PATTERSON BELKNAP WEBB & TYLER LLP

By:_____
        William F. Cavanaugh, Jr.
        Nicolas Commandeur

1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Petitioner Abbott Laboratories
Vascular Enterprises Ltd.*

8

1439771v.1

PURSUANT TO JUDGE SCHEINDLIN'S
INDIVIDUAL RULES AND PROCEDURES, § III(H),
EXHIBIT A TO THIS PROPOSED PETITION TO
COMPEL ARBITRATION HAS BEEN OMITTED