UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIRMINGHAM ASSOCIATES LTD,

           Plaintiff,

— against —

ABBOTT LABORATORIES,

           Defendant.

07 Civ. 11332 (SAS)

**BIRMINGHAM ASSOCIATES LTD.'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR AN ORDER
ENJOINING ALTERNATIVE DISPUTE RESOLUTION**

Daniel C. Malone
George K. Foster
Ross L. Hirsch
Eric C. Kirsch
DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

*Attorneys for Plaintiff Birmingham
   Associates, Ltd.*

Birmingham respectfully submits this memorandum, and the Second Affirmation of George K. Foster and the exhibits thereto ("Second Foster Aff."), in reply to ALVE's Joint Memorandum of Law in Further Support of Its Motion to Intervene and Compel Arbitration and in Opposition to Birmingham's Cross-Motion to Enjoin ADR ("Joint Memorandum" or "Joint Mem."), and in further support of Birmingham's cross-motion for an order enjoining ADR.[1]

## PRELIMINARY STATEMENT

ALVE concedes much in its Joint Memorandum with regard to Birmingham's cross-motion. In its opening submission, Birmingham demonstrated that the Court has the authority to enjoin ALVE from seeking to "ADR" Birmingham's Complaint if it concludes the matter is not properly subject to ADR. (Birmingham Mem. at 20.) ALVE did not contend otherwise. Birmingham also showed the pointlessness of the determination ALVE seeks in ADR (i.e., that "neither [ALVE], nor any of its affiliates, including Abbott, violated any duty to Birmingham under the Funding Agreement with respect to ... the decision to no longer pursue the commercial development of the ZoMaxx Stent") given that Birmingham *does not contend* that ALVE or any of its affiliates violated any such duty. (Birmingham Mem. at 21, n. 13.) One searches the Joint Memorandum in vain for any assertion by ALVE that Birmingham has contended otherwise, or any explanation as to why it would have reason to do so in the future. In addition, Birmingham showed that, particularly in light of the significant constraints on briefing and presentation of evidence in the ADR framework, Birmingham would be prejudiced in its

---

[1] Unless otherwise indicated, capitalized terms used herein have the meaning attributed to them in Birmingham's Memorandum in Opposition to ALVE's Motion to Intervene and Compel ADR, and in Support of Birmingham's Cross-Motion for an Order Enjoining ADR ("Birmingham Mem.").

ability to present its case on the bona fide dispute that exists between the parties relating to ALVE's obligation to pay royalties on a different medical device (the Xience Stent), if ALVE were to inject issues relating to Abbott's termination of the ZoMaxx Stent. (Birmingham Mem. at 21.) ALVE did not disagree.

Indeed, ALVE's Joint Memorandum offers *nothing* in the way of a direct rebuttal to the points made by Birmingham in its cross-motion. ALVE simply asserts that the cross-motion should be denied "[f]or the same reasons that ALVE's motion to compel arbitration should be granted" (Joint Mem. at 10), thereby largely conceding that ALVE would have no legitimate basis to oppose an order enjoining ADR if the Court denied its motion to compel.

Yet by invoking its contentions in support of its motion to compel as purported reasons to deny Birmingham's cross-motion, ALVE's Joint Memorandum makes it necessary for Birmingham to respond to certain of those "reasons," as they bear on the relief that Birmingham seeks.[2] When these are considered, it is clear that — far from providing a basis to *deny* Birmingham's cross-motion — they only emphasize the need for the cross-motion to be *granted*.

---

[2] ALVE has sought to avoid any such response by asserting that any rebuttal to its arguments would amount to an improper "sur-reply to ALVE's motion," but this stance should not be credited. (Joint Mem. at 10 n. 8.) ALVE cannot have it both ways. ALVE cannot in good faith contend that the points raised in support of its motion constitute "reasons that … Birmingham's cross-motion should be denied" (Joint Mem. at 10), while at the same time seeking to deny Birmingham an opportunity to address those points in Birmingham's cross-motion reply. Indeed, ALVE's effort to deny Birmingham a reply in support of its cross-motion is all the more remarkable given that ALVE agreed to a briefing schedule for the cross-motion (so-ordered by the Court), which provides explicitly for a reply. (Second Foster Aff., ¶¶ 8-9 & Ex. C thereto.) Accordingly, to the extent certain points raised by ALVE in its Joint Memorandum pertain to the relief sought in the cross-motion, Birmingham will address them.

**ARGUMENT**

I.  **ALVE'S EFFORT TO CONFLATE THE SEPARATE ZOMAXX AND XIENCE DISPUTES UNDERSCORES THE NEED FOR AN ORDER ENJOINING ADR**

As part of its effort to force Birmingham's Complaint into ADR, ALVE contends that Birmingham's Complaint against Abbott "raise[s] many of the same issues" as the separate dispute between Birmingham and ALVE relating to ALVE's obligation to pay royalties on the Xience Stent, and asserts that these (unspecified) issues go "both to the merits and measure of damages, if any." (Joint Mem. at 9-10.) ALVE asserts, moreover, that these (unspecified) common issues somehow warrant having Birmingham's claim against *Abbott* for breach of the Keep Well Agreement heard in the ADR proceeding between Birmingham and *ALVE* under the Funding Agreement. (Joint Mem. at 2, 8-9.) These contentions are unfounded. There is not a single issue to be determined in the Xience ADR proceeding that also needs to be determined to resolve Birmingham's claim for Abbott's termination of ZoMaxx.

The Xience dispute concerns whether or not ALVE owes royalties and other payments to Birmingham on the Xience Stent. (Cavanaugh Decl., ¶ 4 & Ex. F.) Its outcome turns on whether or not the Xience Stent falls within the definition of a "Drug Eluting Stent – 2nd Generation" set forth in Section 1.11 of the Funding Agreement. (*Id.*) Yet whether or not Xience meets that definition has no bearing on whether or not Abbott breached the Keep Well Agreement when it terminated ZoMaxx, which is what needs to be decided in this action. Moreover, regardless of whether Abbott's interest in Xience was a factor in Abbott's decision to terminate ZoMaxx, a jury would not need to know whether or not Xience was the "2nd Generation" stent under the Funding Agreement (the issue to be decided in the Xience ADR proceeding) to decide whether Abbott breached the Keep Well Agreement. It would not.

Nor is the "2nd Generation" issue germane to Birmingham's damages in this action. While the October 2006 commercialization of Xience might have affected the market for ZoMaxx (as the existence of any other stent in the market could), this does not mean that those damages would vary depending on whether or not Xience was the "2nd Generation" stent. Again, they would not.

Yet ALVE's continued efforts to blur the distinction between these two separate disputes is significant for a reason ALVE could not have intended. It underscores the confusion and distraction that would result in the ADR proceeding on the Xience Stent if ALVE were not enjoined from seeking a determination in ADR concerning Abbott's termination of ZoMaxx. It shows that if ALVE were free to inject such issues into the Xience proceeding, Birmingham would have to devote a significant portion of its very limited time and briefing space to explaining the distinctions between these disputes, and to demonstrating why ALVE's contentions relating to ZoMaxx are red herrings. While this might not be unduly problematic in a conventional arbitration, it would be a major hindrance in the straightjacketed ADR framework, and, for this further reason, Birmingham's cross-motion should be granted.

## II. ALVE'S INITIATION OF AN ADR PROCEEDING WHILE ITS OWN MOTION WAS PENDING AND REFUSAL TO STIPULATE TO AVOID THIS CROSS-MOTION REINFORCE THE NEED FOR AN ORDER ENJOINING ADR

In its opening submission, Birmingham pointed out that ALVE — while its own motion was *sub judice* — had proceeded with its effort to make sure that Birmingham's Complaint was resolved by ADR by initiating a parallel ADR proceeding that was likely to be concluded before the Court could rule. (Birmingham Mem., 5, 19.) In response, ALVE did not dispute that it was *ALVE* that initiated the ADR proceeding, or that it was likely to be over before


the Court could rule. ALVE nevertheless characterized Birmingham's description of events as "incomplete and misleading," and asserted that ALVE initiated the ADR proceeding because this "was consistent with the procedures for ADR proceedings set forth in the Funding Agreement," (Joint Mem. at 2) — as though the terms of the ADR Provision somehow *compelled* it to start the proceeding when it did. In fact, however, there is nothing in that provision that required ALVE to file its ADR Request within any particular timeframe; it could readily have waited until the Court ruled. (*See* Funding Agreement, § 15.6 and Ex. 15.6, ¶ 1, Kipperman Decl., Ex. A.)

Moreover, although ALVE notes in its Joint Memorandum that it has agreed to hold the ADR proceeding in abeyance until the Court rules (Joint Mem., 2), it fails to mention that it did so only after repeated requests by Birmingham, and after Birmingham advised ALVE that it was planning to seek a preliminary injunction by way of Order to Show Cause if ALVE would not so agree. (Second Foster Aff., ¶¶2-5 & Ex. C; Declaration of Nicolas Commandeur, dated February 29, 2008, Exs. A & B.)

Furthermore, ALVE could have obviated this entire cross-motion had it agreed not to "pursue an ADR proceeding as to the issues that are the subject of its motion to intervene and compel if the Court denies that motion," as Birmingham also proposed. (Second Foster Aff., ¶ 6 & Ex. A.) Such an agreement, to be reflected in a stipulation and proposed order to strike (*see id.*), would have avoided further burdening the Court. The absence of such an agreement (*see* Second Foster Aff., ¶ 7 & Ex. B), especially when combined with ALVE's precipitous initiation of an ADR proceeding with respect to matters before the Court, underscores the need for the relief that Birmingham seeks by cross-motion.

## CONCLUSION

For the foregoing reasons, and for those expressed in Birmingham's prior submissions in this matter, Birmingham respectfully requests that the Court grant Birmingham's cross-motion for an order enjoining ADR.

Dated: New York, New York
March 7, 2008

DECHERT LLP

By: _____
Daniel C. Malone
George K. Foster
Ross L. Hirsch
Eric C. Kirsch

30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500
(212) 698-3599 (fax)
daniel.malone@dechert.com

*Attorneys for Plaintiff Birmingham Associates, Ltd.*

13121867