# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/08

RECEIVED
CHAMBERS OF

MAR 1 2 2008

JUDGE SCHEINDLIN

William F. Cavanaugh, Jr.
Partner
(212) 336-2793
Direct Fax (212) 336-2394
wfcavanaugh@pbwt.com

March 12, 2008

By Fax

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

## Birmingham Assocs. Ltd. v. Abbott Laboratories, 07 CV 11332 (SAS)

Dear Judge Scheindlin:

We represent Defendant Abbott Laboratories ("Abbott") and Proposed-Intervenor Abbott Laboratories Vascular Enterprises, Inc. ("ALVE"). Plaintiff Birmingham Enterprises Ltd. ("Birmingham") requests in a March 7th letter that this Court strike an argument that Birmingham alleges ALVE raised for the first time in its joint memorandum of law in further support of its motion to intervene and to compel arbitration, and in opposition to Birmingham's cross-motion to enjoin arbitration (the "Joint Memorandum") or give Birmingham an opportunity to submit a sur-reply.

The Court should deny these requests. Birmingham complains that ALVE "sandbag[ged]" (Ltr. at 2 (quoting *Wolters Kluwer fin. Servs. Inc. v. Scivantage*, 07 Civ. 2532 (HB), 2007 WL 1098714 (S.D.N.Y. Apr. 12, 2007)) Birmingham by raising for the first time in its Joint Memorandum the argument that arbitration is still appropriate notwithstanding the provisions of Section 10.3 of the Funding Agreement. Birmingham's complaint rings hollow as it concedes in its letter that it raised *this very point* in its opposition brief to which ALVE has now replied. (Id.)

In its moving brief, ALVE argued that a determination of whether ALVE, or any of its affiliates, including Abbott, violated any duties to Birmingham through the discontinuance of the ZoMaxx Stent necessarily implicates the terms of the Funding Agreement, and therefore is subject to the binding ADR provisions of that agreement. (ALVE Moving Br. at 3, 4-5.) In opposition, Birmingham argued, incorrectly, that the Funding Agreement was not implicated

*Birmingham's ~~letter~~ requests are DENIED. The court*
*will not strike an argument from Abbot's*
*memorandum of law and will not permit a sur-reply.*

*So ordered.*
*U.S.D.J. 3/12/08*

1442715v.1

Honorable Shira A. Scheindlin
March 12, 2008
Page 2

because only ALVE, not Abbott, is permitted to terminate the ZoMaxx Stent under Section 10.3. (Birmingham Opp'n Br. at 14, n.9.) ALVE responded to this argument in its reply brief, *by specifically referencing where the argument was raised in Birmingham's opposition brief,* and explaining why the conduct of Abbott and ALVE was not inconsistent with Section 10.3. (Joint Memorandum at 7 (citing Birmingham Opp'n Br. at 14 n.9)). Put simply, ALVE raised an argument in its moving brief, Birmingham made a specific challenge to that argument in its opposition brief, and ALVE addressed that specific challenge in its reply. Birmingham is simply not entitled to a sur-reply under these circumstances.

Respectfully submitted,

William F. Cavanaugh, Jr.

cc:     Daniel C. Malone, Esq. (by fax)